[File No. 6583.]

HENRY WALLACE, Respondent, v. NORTH DAKOTA WORK-MEN'S COMPENSATION BUREAU et al., Appellants.

(284 N. W. 420.)

Opinion filed March 2, 1939.

*A. M. Kuhfeld,* Assistant Attorney General, for appellants.

*L. J. Wehe,* for respondent.

BURR, J. In 1936 the plaintiff was injured during the course of his employment and the bureau awarded him compensation out of its fund,

terminating the award in September, 1937. In February, 1938, he filed with the bureau a request for rehearing of his case. The bureau determined to hear the request on February 25, 1938. Later the hearing was postponed to March 17, and again to the 22d of March.

After moving for rehearing petitioner applied to the bureau for leave to examine and inspect all files and records relating to his claim, including the doctors' reports and recommendations, in order to prepare properly. He alleges that this request was refused, and thereupon he applied to the district court for a writ of mandamus ordering the bureau to allow an inspection of such files and records as pertain to his claim.

The matter came on for hearing before the district court, testimony was introduced, and on May 24, 1938, the court found that the restraining order, restraining the defendants "from proceeding any further in the matter relating to the claimant's claim now pending before said bureau for a hearing on his Motion for Rehearing and vacation of its final decision denying him further and additional compensation, was properly issued out of this court restraining the defendants from taking any steps or proceedings therein until a final determination was arrived at in this Mandamus Proceedings" and issued a peremptory writ of mandamus commanding, among other things, that the bureau and the members thereof, together with the secretary and the lawyers and employees, immediately after the receipt of the writ "produce at the office and place of business of said bureau and during office hours thereof, all the files and records of every nature and description and X-ray pictures, which relate to, form or are a part of the files and records in and of the plaintiff's claim for compensation out of the Workmen's Compensation Fund, and known as Claim No. 73991 and Claim File and Pouch thereof, and to replace therein any and all files, records, letters, X-ray pictures, of every nature and description that relate to or have any bearing upon said claim and which is confined to the testimony, exhibits, and documents used by the bureau as evidence and upon which its decision denying the plaintiff and petitioner further relief or compensation, is based, or may be used by the bureau at or on the rehearing of the plaintiff's claim for additional and further compensation in making its Findings of Fact, and Decision. therein in awarding or denying same, at any and all times as herein specified, to

and for the inspection of said Henry Wallace, Claimant, and or his attorney or duly appointed agent, so that he or they shall have free access to the same at the offices of the bureau during office hours thereof and to take or make copies of same or any part thereof; . . ."

Defendants appeal, and the specifications of error are to the effect that the court erred in granting the writ.

Appellants say that the acts of the board in discharging the duties incumbent upon them under the provisions of chapter 314 of the Session Laws of 1931 authorizing the bureau to make rules and regulations for carrying out the provisions of the act and authorizing personal and private investigations "cannot be interfered with by mandamus or injunction;" that § 8457 of the Compiled Laws provides: "The writ of mandamus may be issued . . . to any . . . board . . . to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station, or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded . . . ;" and that the writ will issue only when the right of the relator is clear and "when called for by circumstances so exceptional that, if the extraordinary relief afforded by the Writ is refused, a failure or miscarriage of justice will result." However, this section cited does not limit the issuance of the writ. Section 8458, Compiled Laws provides: "The writ must be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. . . ." This section is applicable to *all cases,* and in the case at bar if the petitioner has a right to examine the records upon which the bureau has based its decision and such right is denied him, it is certain he has no other "plain, speedy and adequate remedy in the ordinary course of law."

An application once made to the bureau for compensation, if made within the time prescribed by statute, remains a continuing claim, for "the bureau may, at any time, on its own motion or on application, review the award, and, in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, award compensation." Supp. § 396a18. See Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 932, 194 N. W. 663; Crandall v. North Dakota Workmen's Comp. Bureau, 53 N. D. 636, 644, 207 N.

W. 551, 554; Hanson v. North Dakota Workmen's Comp. Bureau, 56 N. D. 525, 530, 218 N. W. 215, 217.

It is clear it was not the intention of the bureau to act arbitrarily, for though it had already terminated the award, nevertheless, it agreed to hear him, and after the application for rehearing was made and upon the prima facie showing it made several supplementary awards of compensation; further hospital and medical bills were paid, and traveling expenses were advanced so that plaintiff could go to Rochester for an examination. All in all six of these supplemental awards were made, evidently to furnish him with the wherewithal whereby he could have his alleged continuing disability determined.

Appellants urge the writ requires them to submit for inspection all records used in denying petitioner further relief, whereas petitioner's application shows as a matter of fact no such denial has been made as his application to reopen the case has not yet been heard, the hearing having been adjourned from time to time, and thus in effect the writ is contradictory in that the bureau is enjoined from proceeding with the hearing until the inspection of the records is afforded.

This contention misapprehends the order of the trial court. The issue in this respect is simple. The "denial of further relief" referred to is not any denial after application for rehearing; but it is the "denial of further relief" in the action of the bureau in terminating the original award. This is the matter petitioner asks to have reheard. He desires to inspect all the records upon which the bureau terminated his award, in order to combat the effect of such records, if he can, and the bureau is enjoined from proceeding with the hearing on the application to rehear until it gives petitioner this opportunity for examination.

Petitioner claims, and the trial court found it to be a fact, that it was necessary for him to see and examine the files and records in his case, particularly those records upon which the bureau had based its decision terminating his compensation and making a final award to him. The trial court held he had this right and ordered that these files and records be submitted to him for his inspection under proper safeguards.

Appellants do not contend petitioner has no right to inspect these records. In the brief they say: "The bureau . . . has disclosed

and had disclosed before the Peremptory Writ was issued, all evidence in its possession which the claimant was entitled to see. . . ." If this be so, then the bureau has complied with the command in the writ, but it is asserted the scope of the writ is too broad because it requires the disclosure of all the records and reports; that by the terms of an express contract between the bureau and certain correspondents, "the bureau is not permitted to reveal the contents of such reports to any person." The bureau contends also that the report made to it by its own doctor, employed in the case and who it is claimed is an officer of the bureau, retained and paid by the bureau, is a confidential report; and, further, that doctors practicing their profession throughout the state have in the past furnished reports and "have repeatedly stated that they cannot and will not give to the bureau a full, fair and complete report of their examination of various claimants unless it is strictly understood that the letters written by said doctors shall be held in strictest confidence by the bureau." The bureau alleges that these reports will be disclosed if the doctor authorizes release of the report, but otherwise it cannot.

The trial court, in his memorandum opinion, states: "Undoubtedly much of the record of the bureau is confidential so far as the public is concerned, but I do not think any testimony oral, written, documentary or X-ray pictures, used and considered in a case, can be considered confidential as against the claimant." This undoubtedly is the law. The bureau had made its decision denying the plaintiff further relief. This decision was based upon some papers and records and testimony before the bureau. Such, according to the order, the bureau must permit the applicant to inspect that he may show the bureau, if he can, wherein it was wrong in denying him further compensation.

The statutes dealing with the powers and duties of the bureau provide that "The bureau may make rules not inconsistent with this act for carrying out the provisions of this act. Process and procedure under the act shall be as summary and simple as reasonably may be; and to that end the bureau shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, but may make investigation in such manner and at such places as, in the judgment of the bureau, shall be best calculated to as-

certain the substantial rights of all the parties and to carry out, justly and fairly, the spirit of the act. The bureau, or any member thereof, shall have the power to examine witnesses and records, with or without subpœna; to administer oaths to witnesses; to require the attendance of witnesses without fee whenever the testimony is taken at the home, office or place of work of such witnesses; and generally to do anything requisite or necessary to facilitate or promote the efficient administration of this act." Sess. Laws 1931, chap. 314, § 4 (F).

Under the law the bureau is given a wide range of powers. No specific rules are laid down with reference to the reception of evidence and the making of records. The decision of the board on matters of fact is final except upon any ground going to the bases of the claimant's right. Supp. § 396a17. But this does not authorize arbitrary action on the part of the bureau, nor does it contemplate star chamber proceedings. Chapter 314 cited provides: "Any investigation, inquiry or hearing which the bureau is authorized to hold or undertake may be held or undertaken by or before any one member of the bureau; and all investigations, inquiries, hearings and decisions, and every order by any member thereof, when approved and confirmed by a majority of the members, shall be deemed to be the order or decision of the bureau." Very evidently it is within the contemplation of the law that the order or decision of the bureau shall be based upon some records, and the results of investigations must be reduced to record form. There cannot be such confidential reports affecting the claimant's rights that the bureau may use as a basis for denying his right without giving him an opportunity to combat it if he can. That would be, in essence, a denial of justice.

The writ requires the bureau to disclose all of the records and papers pertaining to or used in the claimant's case whether confidential or otherwise. It is not required to disclose the general confidential reports dealing with other matters, but if any such confidential report was used in the case at bar, the petitioner is entitled to examine it. The decision of the lower court is manifestly correct. If it becomes a matter of fact as to whether a certain record is one claimant is entitled to see under the writ, this is a matter to present to the lower court for determination—that is, to determine whether the bureau has in fact

violated the order issued. If doubtful as to its duty, the court will enlighten it.

The decision of the lower court is affirmed.

NUESSLE, Ch. J., and MORRIS, CHRISTIANSON, and BURKE, JJ., concur.