401 So.2d 1169 (1981)
GALL SILICA MINING CO. and Risk Management Services, Inc., Appellants,
v.
Edward SHEFFIELD, Appellee.
No. YY-275.
District Court of Appeal of Florida, First District.
August 6, 1981.
*1170 John A. Leklem of Miller & Cooper, P.A., Orlando, for appellants.
Michael B. Murphy of Stanley, Wines & Smith, P.A., Auburndale, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
Employer/carrier appeal from the deputy commissioner's order awarding claimant Sheffield workers' compensation benefits for his back injury. We find no error in any of the points raised on appeal, and specifically reject the employer/carrier's argument that Sheffield waived his right to wage-loss disability benefits by his failure to file a timely request for some of them under section 440.185(10), Fla. Stat. (1979).
Section 440.185(10), added by the legislature in 1979, provides in pertinent part:
Any compensable wage loss shall be reported by the employee to the carrier or self-insured employer within 30 days after the termination of the month for which such loss is claimed. The [workers' compensation] division shall provide by rule for the reporting of wage loss by the injured worker ... to the division and may prescribe forms for such reporting... . The division shall require by rule that the employer inform a worker who suffers a permanent impairment of his possible entitlement to wage-loss and other benefits and of the worker's obligation to report a claimed wage loss.
Apparently aware that claimant had been released for work with some medical restrictions, the carrier soon afterward sent him the form letter required by the workers' compensation division under Fla. Admin. Code Rule 38F-3.17(3), .19(1), notifying claimant that he might be eligible for wage-loss benefits. The letter advised claimant that he must file a request for wage-loss benefits for each month during which he suffered wage loss due to his injury, but it did not tell him when he must file such requests to comply with § 440.185(10). We hasten to add that the letter complied with Rules 38F-3.17(3) and .19(1); the rule, like the carrier's letter, makes no mention of the filing deadline.
Employer/carrier argue that since section 440.185(10) contains no provision excusing failure to report wage-losses in a timely fashion, its reporting requirements are mandatory, and Sheffield has lost his benefits due to failure to comply with them. We cannot agree with this construction of the statute. The legislature very explicitly put the burden of notifying the worker of his obligation to report a claimed wage loss on the division and the employer. Despite the division's apparent failure by rule to require a comprehensively informative notice, the self-executing compensation scheme requires the employer to advise the worker of his obligation to report a claimed wage loss. We decline to forfeit a claimant's right to valuable benefits on the ground that he failed to meet statutory deadlines the employer should have brought to his attention but did not.
In this and other respects, the deputy's order is AFFIRMED.
JOANOS and THOMPSON, JJ., concur.