No. 82-264

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

SUSAN ALLEN DEVLIN,

                Claimant and Appellant,

    vs.

GALUSHA, HIGGINS & GALUSHA,

                Employer,

    and

NORTHWESTERN NATIONAL INSURANCE,

                Defendant and Respondent.

Appeal from:  Workers' Compensation Court
            Honorable Tim Reardon, Judge presiding.

Counsel of Record:

    For Appellant:

    John J. Thiebes, Missoula, Montana

    For Respondent:

    Garlington, Lohn and Robinson, Missoula, Montana
    Robert E. Sheridan, Missoula, Montana

                Submitted on briefs: October 26, 1982

                      Decided: December 29, 1982

Filed: DEC 29 1982

*Thomas J. Kearney*
                         Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Claimant appeals the June 25, 1982 Worker's Compensation Court judgment dismissing claimant's petition on the grounds that she failed to file for compensation within one year from the date of her accident, pursuant to section 39-71-601, MCA. We affirm the judgment of the Worker's Compensation Court.

Ms. Susan Devlin was employed as a secretary for Galusha, Higgins and Galusha in Missoula, Montana, on February 12, 1975. On that day, Ms. Devlin caught the heel of her shoe on the carpet as she rose from her work desk. In an attempt to prevent falling, she twisted her knee. The pain from the injury was so great, Ms. Devlin became ill. A co-employee found her in the restroom, called Ms. Devlin's roommate to come and take her home and assisted Ms. Devlin to her roommate's automobile.

Testimony was presented at the hearing that an employee cannot leave Galusha, Higgins and Galusha without receiving permission from a supervisor. However, Ms. Devlin testified that she did not remember whether she informed her supervisor she was leaving that day. Her supervisor, Jack Lowe, also testified that he did not remember being informed of Ms. Devlin's early departure.

Ms. Devlin worked for approximately two weeks before the pain in her knee forced her to seek medical attention on February 26, 1975. The pain was obvious to Ms. Devlin's co-workers as she voiced complaints and limped around the office.

Ms. Devlin missed a day of work on April 25, 1975, when an arthrogram was performed on her knee. She cleared that absence from work with Mr. Lowe. They also discussed the problems she was having with her knee. There was no testimony presented, however, indicating that Mr. Lowe was aware

"A. He asked me if I wanted to file a claim, a workmen's compensation claim on my knee. I beg ignorance. I didn't know what he was talking about, and I said no." Transcript, pp. 21-22,24.

After leaving her job, with Galusha, Higgins and Galusha in 1975 Ms. Devlin had two more operations on her knee. She was unable to retain a job for any length of time, so had no work-related insurance. Therefore, those operations were paid for by Ms. Devlin. While she was employed by Galusha, Higgins and Galusha, its Blue Cross/ Blue Shield insurance covered eighty (80%) percent of her medical expenses.

Sometime during the summer of 1981, Ms. Devlin became aware that her accident would have been covered by worker's compensation. She filed a claim August 4, 1981. Galusha, Higgins and Galusha denied liability, stating that Ms. Devlin's claim was barred by section 39-71-601, MCA. That section requires that a compensation claim be filed within one year of the accident. On October 23, 1981, claimant filed a petition requesting she be granted a waiver of the one (1) year statute of limitations and requesting she be awarded permanent partial disability benefits. She also requested that her employer and their compensation carrier, Northwestern National Insurance Company, be estopped from asserting section 39-71-601, MCA as a bar to her claim.

A hearing was held before the Worker's Compensation Court judge January 13, 1982. On June 25, 1982, the court entered findings of fact, conclusions of law and a judgment denying Ms. Devlin's claim for compensation. In so holding, the court ruled that Galusha, Higgins and Galusha and Northwestern were not equitably estopped from asserting the one year statute of limitations set forth in section 39-71-601, MCA. Claimant now asserts that ruling was incorrect.

-4-

that the problems were due to a work-related accident. In fact, Mr. Lowe testified that he was unaware the problems were work-related until August 1975.

In July of 1975, surgery was performed in Salt Lake City, Utah, to repair a torn meniscus in Ms. Devlin's knee. Prior to the surgery, Ms. Devlin offered to resign from her job as the surgery would require an extended absence. Her offer was rejected, and she was granted a leave of absence of approximately five weeks.

Shortly after returning to work in September 1975, Ms. Devlin learned of her father's impending death. She decided to return to Illinois to be with him and gave two weeks notice to her employer. During that two week period, Ms. Devlin's new supervisor, Charles Rohde, at the request of Mr. Lowe, asked Ms. Devlin if she wished to file a worker's compensation claim. Regarding that conversation, Ms. Devlin testified as follows:

> "Q. Did Mr. Rohde at this time -- Did he ever ask you to file any other claims or fill out anything else?
>
> "A. Yes, sir. One day I had been walking by his office, and he called out to me and asked me -- And, again, we're talking six years ago.
>
> "Q. Right.
>
> "A. Asked me if I had wanted to file a workmen's comp claim. As far as I can remember, I said, 'Good god, no.'
>
> "Q. Did he explain to you what the claim was for?
>
> "A. No sir. Well, I presumed it was for my knee, and I would imagine he said did I want to file a workmen's comp claim on my knee.
>
> " . . .
>
> "Q. Now, back to your conversation with Mr. Rohde. Was it an extended conversation; was it brief? Can you sort of tell us how that went?

Claimant devotes considerable time to proving her employer was aware of her work-related injury. She then states that since her employer had "actual knowledge" of her injury, it was unnecessary for her to give him written notice pursuant to section 39-71-603, MCA. Our decision in Hartl v. Big Sky of Montana, Inc. (1978), 176 Mont. 540, 579 P.2d 1239, supports Ms. Devlin's contention.

However, notice of the work-related injury to the employer within sixty days of the injury is not the issue in this case. Presentment of a worker's compensation claim by the injured worker within twelve months from the date of the accident is the issue. Ms. Devlin failed to present such a claim. Therefore, she violated section 39-71-601, MCA.

The twelve month statute of limitations is primarily for the protection of the employer and the insured. A claim may be filed after the statute of limitations has expired if intervening acts of the employer or the insured create an estoppel. Lindblom v. Employers' Liability Assurance Corp. (1930), 88 Mont. 488, 295 P. 1007.

The six elements required for equitable estoppel to exist are set forth in Lindblom, supra. Here we find it necessary to consider only the first element. "There must be conduct - acts, language, or silence - amounting to a representation or a concealment of material facts." Lindblom, 88 Mont. at 494, 295 P. at 1009.

The conduct which conceals material facts must be that of the party against whom estoppel is sought. "Estoppel has no application where the omissions of the party claiming estoppel brought about the problem." First Security Bank of Bozeman v. Goddard (1979), 181 Mont. 407, 417, 593 P.2d 1040, 1046.

Here it is the party claiming estoppel whose omission brought about the problem. Ms. Devlin's supervisor asked

if she wished to file a worker's compensation claim. She responded, "Good god, no." She testified to total ignorance regarding worker's compensation. Rather than inquiring about her rights, she chose not to pursue the matter. It was her own choice. Her employer did nothing to encourage her not to apply for benefits.

Ms. Devlin implies that her employer should have made greater efforts to inform her of her rights. We do not agree. In Ricks v. Teslow Consolidated (1973), 162 Mont. 469, 512 P.2d 1304 we stated:

> "Thus, the duty is upon the claimant to file his claim, not upon the insurer to solicit claims. The Workmen's Compensation Act has not changed the principle that he who asserts a right has the burden of proof or the burden of proceeding." 162 Mont. 483, 512 P.2d at 1312.

Ms. Devlin's supervisor, Charles Rohde, asked Ms. Devlin if she wished to file a worker's compensation claim. That was sufficient. He was under no duty to file the claim for Ms. Devlin. The decision of the Worker's Compensation Court is supported by the evidence. It is affirmed.

_____
Justice

We concur:

_____

_____

_____

Justices

Mr. Justice John C. Sheehy deems himself disqualified and did not participate in this decision.