**TRANSPORTATION DIVISION OF the FARGO CHAMBER OF COMMERCE, Plaintiff and Appellant,**

**Grand Forks Chamber of Commerce and North Dakota Farm Bureau, Plaintiffs,**

v.

**Dale SANDSTROM, Bruce Hagen, and Leo M. Reinbold, as members of the Public Service Commission of the State**

of North Dakota, Defendants and Appellees.*

Civ. No. 10404.

Supreme Court of North Dakota.

Aug. 5, 1983.

Solberg, Stewart, Boulger & Miller, Fargo, for plaintiff and appellant; argued by Mike Miller, West Fargo.

Robert O. Wefald, Atty. Gen., and Ray H. Walton and Daniel S. Kuntz, Asst. Attys. Gen., Public Service Commission, Bismarck, for defendants and appellees; argued by Daniel S. Kuntz, Asst. Atty. Gen., Bismarck.

PEDERSON, Justice.

The Transportation Division of the Fargo Chamber of Commerce (Fargo Chamber) appeals from a judgment dismissing its action against the North Dakota Public Service Commission (PSC). We affirm.

In September 1982 Middlewest Motor Freight Bureau (MMFB), on behalf of its member North Dakota motor carriers, filed with the PSC a supplement to its North Dakota intrastate motor carrier tariff seeking to increase freight rates by approximately 21.7 percent. On September 22, before the PSC had taken any action, the Fargo Chamber requested the PSC to suspend and investigate the proposed rate increase and to issue an order directing the affected motor carriers to answer interrogatories. On September 27 the PSC suspended the supplement and directed its staff to investigate the proposed rate increase.

As a result of PSC staff discussions with MMFB, a new proposed supplement was filed seeking a 14.7 percent increase in freight rates in lieu of the 21.7 percent increase originally requested. At its weekly public meeting on December 6, 1982, the PSC accepted its staff's recommendation that the Commission accept the new MMFB filing and allow the revised 14.7 percent increase to become effective in less than the statutory 30-day notice period. The revised rate increase became effective on December 13, 1982.

* See Substitution of Successor to Public Office,     Rule 25(d)(1), NDRCivP.

Shortly thereafter, the Fargo Chamber filed a petition with the PSC requesting the suspension of the revised tariff supplement, the refund of rates collected under the tariff, and a formal investigation of those rates. The petition alleged that the PSC had violated the Fargo Chamber's due process rights in approving the 14.7 percent increase and had failed to follow PSC rules in allowing the rate increase to go into effect on "short notice."[1] The PSC forthwith denied the petition.

The Fargo Chamber subsequently filed the complaint initiating this action, alleging that the PSC's actions in approving the MMFB revised tariff supplement and allowing the rate increase to go into effect on short notice violated the Fargo Chamber's due process rights and violated the PSC rules regarding short-notice rate increases. The complaint sought injunctive and declaratory relief regarding the rate increase. The district court granted the PSC's motion to dismiss, stating that the Fargo Chamber lacked standing to sue the PSC, that MMFB had not been made a party to the action, and that the Fargo Chamber had failed to exhaust its administrative remedies. Judgment was entered accordingly, and from this judgment the Fargo Chamber appeals.

On appeal, Fargo Chamber contends that the district court erred in granting the PSC's motion to dismiss. We disagree.

Section 49-05-01, NDCC provides that any person or association may file a petition or complaint with the PSC if a public utility fails to comply with any provision of law or any order or rule of the Commission.[2] When a complaint is filed, the Commission must fix the time and place for a hearing and must serve notice upon the complainant and the affected utility. The notice and proceedings are to be conducted in accordance with the provisions of the Administrative Agencies Practice Act. See § 49-05-03 and Chapter 28-32, NDCC. See also § 69-02-02-02, North Dakota Administrative Code.

The Fargo Chamber did not file a complaint with the Commission challenging the rate increase or alleging that MMFB had failed to comply with a provision of law or order or rule of the Commission.[3] Instead, the Fargo Chamber chose to commence the instant collateral action in district court, seeking injunctive and declaratory relief. The Fargo Chamber contends that filing a complaint would be a futile effort because, even if the rate increase was found to be unlawful, the refund process would be unbelievably burdensome and, in many cases, impossible. We find this argument unpersuasive. Because the Fargo Chamber did not follow the statutorily mandated procedures for challenging a rate increase by a public utility, we conclude that the district

1. A rate increase becomes effective on the expiration of 30 days from the time the increase is filed with the Commission. Sections 49-05-05 and 49-05-06, NDCC. However, a rate increase may become effective upon the expiration of a lesser period of time if approved by the Commission. Section 49-05-06, NDCC. The Commission may, in its discretion and for good cause shown, permit changes in rates, rules, regulations, and changes on less than 30 days' notice, and also permit departure from the Commission's regulations. The Commission may exercise this authority only in cases where actual emergency and real merit are shown. Section 69-04-01-18, North Dakota Administrative Code. Furthermore, the Commission may suspend the operation of or necessity for compliance with any rule of procedure upon due notice to all parties whenever the public interest or the interest of any party will not be substantially prejudiced thereby. Section 69-02-01-11, North Dakota Administra-

tive Code. See also §§ 49-01-07 and 28-32-02, NDCC.

2. Section 49-05-01, NDCC, provides:
"Who may make a complaint.—Complaint may be made by the commission on its own motion, or by any person or association, by petition or complaint in writing, setting forth any fact or thing done or omitted to be done by any public utility, including any rule, regulation, or rate established or fixed by or for any public utility, in violation or claimed violation of any provision of law or any order or rule of the commission."

3. As of the time of oral arguments in this case, no complaint challenging the rate increase had been filed. The PSC acknowledged that the complaint procedure remains available to the Fargo Chamber. See § 49-05-01, NDCC; § 69-02-02-02, North Dakota Administrative Code.

court did not err and the judgment dismissing the action is affirmed.

The Fargo Chamber cites *Shark Bros., Inc. v. Cass County,* 256 N.W.2d 701 (N.D. 1977) for the proposition that the doctrine of exhaustion of remedies is not firmly established and is of limited practical use by the courts. However, this court also stated in *Shark Bros.* that:

"We do not favor or encourage, nor can we sustain, bifurcated self-induced or self-initiated procedures, one in the administrative process and one in the judicial process covering the same legal questions.

"If such bifurcated procedures were encouraged or sustained, it would create duplication, and uncertainty, and waste manpower and money, with no appreciable result, and all without improving the administration of justice. If one side of a proceeding were permitted to proceed both in the administrative channels and the judicial channels at the same time the other side could also resort to the same procedure. The result would be endless confusion, which we can ill afford." 256 N.W.2d at 705, 706.

See also, *City of Minot v. Central Ave. News, Inc.,* 325 N.W.2d 243 (N.D.1982).

The judgment is affirmed.

ERICKSTAD, C.J., SAND and PAULSON, JJ., and EUGENE A. BURDICK, Surrogate Judge, concur.

BURDICK, Surrogate Judge, sitting in place of VANDE WALLE, J., disqualified.