ALLEN, Judge.
The claimant appeals a workers’ compensation order by which a wage loss claim was denied for periods after the effective date of section 440.15(3)(b)2, Florida Statutes (Supp.1990), due to a failure to timely file wage loss forms. Because the employer/carrier did not properly inform the claimant of this obligation, the judge should not have applied the statutory filing time so as to preclude an award of benefits.
Section 440.15(3)(b)2 specifies the time during which wage loss forms should be submitted, and generally precludes a wage loss award in connection with an untimely filing. However, when an employer/carrier has not fully advised the claimant as to this obligation, benefits may be awarded despite an untimely filing. E.g. Gall Silica Mining v. Sheffield, 401 So.2d 1169 (Fla. 1st DCA 1981). The further provision in section 440.15(3)(b)2 establishing that a claimant will still be required to comply with job search obligations upon being advised by an attorney is not implicated in the present case, as the claimant was engaged in full-time employment and there is no indication that anyone informed the then-unrepresented claimant of the statutory time for filing wage loss requests.
The employer/carrier sent the claimant two informational letters during the pertinent period, but the first of these letters referred to a different filing time which applied before section 440.15(3)(b)2 became effective. And this letter did not otherwise fully comport with the informational statement mandated by Florida Administrative Code Rule 38F-3.018(2). In addition, the letters implied that a job search would be necessary, and this was not entirely accurate as the claimant had already obtained appropriate full-time employment. While the job search language comports with the minimum statement contained in rule 38F-3.018(2), this does not fully discharge the employer/earrier’s informational burden when the circumstances render such information incomplete or misleading. See Gall Silica Mining.
The second informational letter contained some of the same deficits as the first letter, and addressed only temporary disability benefits even though the claimant had attained permanent disability status more than two years earlier. While the employer/carrier assert that the claimant might have initiated further inquiry to obtain additional information, it is the employer/carrier’s responsibility to monitor the claimant’s status and provide the necessary information regarding the conditions and requirements affecting the claimant’s entitlement to benefits. Wood v. McTyre Trucking Co., 526 So.2d 739 (Fla. 1st DCA 1988).
The appealed order is reversed and the case is remanded.
BARFIELD, J., and SMITH, Senior Judge, concur.