1998 ND 105

**Patrick J. SMITH, Appellant,**

v.

**BURLEIGH COUNTY BOARD OF COMMISSIONERS, Appellee.**

**Civil No. 970323.**

Supreme Court of North Dakota.

May 20, 1998.

Chad R. McCabe, of Vinje Law Firm, Bismarck, for appellant.

Patricia L. Burke, State's Attorney, Bismarck, for appellee.

NEUMANN, Justice.

[¶ 1] Patrick J. Smith appealed from an order denying his petition for a writ of mandamus to compel the Burleigh County Board of County Commissioners (the Board) to issue him a liquor license and dismissing the proceedings. We affirm.

[¶ 2] Smith applied to the Board for a liquor license in Wutzke's Subdivision. On October 3, 1996, the Board denied the application, because "the Board is not satisfied that the safety, traffic, and other concerns expressed by the residents have been adequately addressed, and is concerned that the standards of the area would be grossly changed to the detriment of the residents." By letter of October 28, 1996, Smith's attorney requested the Board to reconsider and grant Smith's application.

[¶ 3] The minutes of the Board's meeting on February 3, 1997, show the Board took no formal action on Smith's request for reconsideration:

"Comm. Lembke stated that he sees nothing to convince him to change, and at this point would not change a thing. Comm. Schonert agreed with Lembke.... Lembke stated that the intent was to protect a residential area which is authorized in a commercially zoned area.... No action was taken."

[¶ 4] On March 3, 1997, Smith appealed the Board's February 3, 1997, "decision" to the district court. Smith also sought a writ of mandamus to compel the Board to issue a liquor license to him. The Board responded by asserting the court had "no jurisdiction to hear any appeal of the October 3, 1996 decision," because no appeal from that decision was filed within thirty days. The Board contended it took no action on February 3, 1997, so there was no decision to appeal. The court rejected Smith's request for a writ of mandamus and remanded the matter to the Board, with a request "to then either grant or deny the plaintiff's license request and provide such findings for its decision as could provide a basis for review in the event of a subsequent appeal."

[¶ 5] At its meeting on July 7, 1997, the Board passed the following motion, again denying Smith's license application:

"Motion by Comm. Lembke 2nd by Comm. Lidstrom to reaffirm the motion of October 3, 1996 denying the Smith liquor license application as creating a nuisance and noting that the Board is not satisfied that the safety, traffic, and other concerns expressed by the residents have been adequately addressed, and is concerned that

the standards of the area would be grossly changed to the detriment of the residents." On September 22, 1997, the district court issued an order denying Smith's petition for a writ of mandamus and dismissing the case. Smith appealed to this court.

[¶ 6] An appeal from a decision by a board of county commissioners invokes the appellate jurisdiction of the district court. *Reliable, Inc. v. Stutsman County Comm'n,* 409 N.W.2d 632, 634 (N.D.1987). Article VI, § 8, N.D. Const., vests the district court with "such appellate jurisdiction as may be provided by law." "[F]or a court to have subject matter jurisdiction over an appeal, the appellant must meet the statutory requirements for perfecting the appeal." *Reliable, Inc.,* 409 N.W.2d at 634. Timely filing of an appeal is mandatory and jurisdictional. *E.g., State v. DuPaul,* 527 N.W.2d 238, 243 (N.D. 1995); *Production Credit Ass'n v. Burk,* 427 N.W.2d 108, 110 (N.D.1988).

[¶ 7] Section 11–11–39, N.D.C.C., provides "[a]n appeal may be taken to the district court from any decision of the board of county commissioners by any aggrieved person." Under N.D.C.C. § 11–11–43, such an appeal is governed by N.D.C.C. § 28–34–01. In an appeal from a local governing body, "[t]he notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body." N.D.C.C. § 28–34–01(1).

[¶ 8] Smith did not file a notice of appeal within thirty days of the Board's October 3, 1996, decision denying his application for a license. Smith's petition for reconsideration did not toll the running of the time within which to appeal that decision. Unlike N.D.R.App.P. 4, governing appeals to this court, neither N.D.C.C. § 11–11–39 nor N.D.C.C. § 28–34–01 recognizes any post-decision motions which would extend the time to appeal a decision by a board of county commissioners. The district court, therefore, did not have appellate jurisdiction to review the Board's October 3, 1996, decision.

[¶ 9] Section 32–34–01, N.D.C.C., authorizes a court to issue a writ of mandamus "to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty." Absent an abuse of discretion, a trial court's denial of a petition for a writ of mandamus will not be overturned on appeal. *Old Broadway Corp. v. Backes,* 450 N.W.2d 734, 736 (N.D.1990). "An applicant for a writ of mandamus must demonstrate a clear legal right to the performance of an act and must have no other plain, speedy, and adequate remedy in the ordinary course of law." *Tooley v. Alm,* 515 N.W.2d 137, 140 (N.D.1994). Mandamus is unavailable if an appeal is authorized from an adverse decision. *Tooley,* 515 N.W.2d at 140; *Leonard v. Medlang,* 264 N.W.2d 481, 482–3 (N.D.1978). When the Board denied Smith's application on October 3, 1996, Smith had a right to appeal the Board's decision to the district court by filing a notice of appeal within thirty days. Smith had a "plain, speedy, and adequate remedy in the ordinary course of law." N.D.C.C. § 32–34–02; *Tooley,* 515 N.W.2d at 140. Mandamus was, therefore, unavailable.

[¶ 10] The district court lacked appellate jurisdiction to review the Board's October 3, 1996, decision, because Smith did not file a timely notice of appeal, and mandamus was unavailable because Smith had a statutory right to appeal the Board's decision. Thus, the only matter properly before the district court for its consideration was Smith's appeal of the Board's February 3, 1997, failure to act on his petition for reconsideration of its October 3, 1996, decision.

[¶ 11] "The courts do not substitute their judgment for that of a non-judicial body whose decision is being reviewed." *Pic v. City of Grafton,* 460 N.W.2d 706, 710 (N.D. 1990). Judicial review of a decision by a nonjudicial governing body is limited to determining if the decision was arbitrary, capricious, or unreasonable. *City of Fargo v. Ness,* 529 N.W.2d 572, 576 (N.D.1995); *Shaw v. Burleigh County,* 286 N.W.2d 792 (N.D. 1979). We conclude the Board's failure to act on a request for reconsideration, which is a procedural device not recognized by the relevant statutes, was not arbitrary, capricious, or unreasonable.

[¶ 12] Affirmed.

[¶ 13] VANDE WALLE, C.J., and MESCHKE, SANDSTROM and MARING, JJ., concur.