PER CURIAM.
In this appeal from a workers’ compensation order, appellant, Maria Gacita, claimant below, raises several errors. We affirm all but two, finding the evidence competent and substantial as to the remainder. In regard to the issue alleging that the judge of compensation claims (JCC) erred in failing to award penalties and interest on late temporary total disability (TTD) payments which were ordered to be paid, the employer and carrier, Holiday Inn and Zurich American Insurance Group (E/C), have conceded the issue. Accordingly, we reverse and remand for the entry of a corrected order as to same. The remainder of this opinion will address only appellant’s first issue, contending that the JCC erred in denying her claim for temporary partial disability (TPD) benefits from June 19, 1994, through April 7,1995, based on the ground that claimant had failed to file temporary partial wage-loss forms.
In regard to this issue, claimant argues that case law excuses her from the requirement of filing wage-loss forms[1] under the particular circumstances of this case in that the E/C notified her of her need to file same when she was receiving TTD benefits; hence there was no necessity for her to request payment of TPD benefits. We agree. Florida Administrative Code Rule 38F-3.018(2) outlines the carrier’s responsibilities once it receives notice that a worker may have become temporarily and partially disabled. The carrier is required to send an informational letter to the employee regarding his or *1050 her eligibility for such benefits, and it must include with its letter forms to the worker for filing requests for such benefits.
From our reading of the clearly expressed language of the rule, we conclude that the Division of Workers’ Compensation intends that carriers inform claimants of their rights and obligations in regard to particular benefits at the time such benefits are potentially due, which the E/C failed to do in the case at bar. Instead, the E/C sent this letter immediately after Gacita’s accident, and then failed to send her a timely informational letter the following year, when she had in fact become TPD. As in Zyak v. Wendy’s, 659 So.2d 1299, 1300 (Fla. 1st DCA 1995), a carrier does not fulfil its duty under the rule by sending such a letter “when the circumstances render such information incomplete or misleading.” Following Zyak, we conclude that the claimant must be excused from failing to file the request forms because of the premature and confusing contents of the E/C’s letter. Accordingly, the case is remanded to the JCC with directions to consider on its merits the claim for TPD benefits for the period at issue.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BOOTH and VAN NORTWICK, JJ., concur.

. Under section 440.15(3)(b)(2), Florida Statutes (1993), claimants must submit wage-loss forms to the carrier within 14 days from the lime benefils are due, and benefits may be denied for untimely filing.