2010 ND 148

PEMBINA COUNTY WATER RE-SOURCE BOARD and the Pembina County Board of County Commissioners, Petitioners and Appellants

v.

CAVALIER COUNTY WATER RE-SOURCE BOARD and the Cavalier County Board of County Commissioners, Respondents and Appellees.

No. 20100037.

Supreme Court of North Dakota.

Aug. 17, 2010.

Neil W. Fleming (argued), Cavalier, N.D., for petitioner and appellant Pembina

County Water Resource Board and Stuart John Askew (appeared), Assistant State's Attorney, Cavalier, N.D., for petitioner and appellant Pembina County Board of Commissioners.

Daniel Lee Gaustad (argued), Grafton, N.D., and Ronald F. Fischer (on brief), Grand Forks, N.D., for respondents and appellees.

KAPSNER, Justice.

[¶ 1] The Pembina County Water Resource Board and the Pembina County Board of County Commissioners ("Pembina County") appeal from a district court judgment dismissing their petition for a writ of mandamus seeking to require the Cavalier County Water Resource Board and the Cavalier County Board of County Commissioners ("Cavalier County") to establish an assessment district to participate in the cost of maintenance and rehabilitation of a dam. We affirm, concluding the district court did not err in holding that mandamus was not available because Pembina County failed to demonstrate it had no other plain, speedy, and adequate remedy in the ordinary course of law.

I

[¶ 2] Renwick Dam is located in Pembina County, and the Pembina County Water Resource Board is responsible for its ongoing maintenance. *See* N.D.C.C. § 61-16.1–40. Pembina County and the Natural Resources Conservation Service of the United States Department of Agriculture developed a project agreement to perform maintenance and rehabilitation work on the dam. Although the federal government will cover a significant portion of the cost of the project, a portion must be paid by local entities.

[¶ 3] Pembina County alleged that certain landowners in Cavalier County are benefitted by the dam and therefore re-quested that Cavalier County create an assessment district to participate in the dam rehabilitation project. On April 15, 2008, the Cavalier County Water Resource Board voted not to participate in the project and provided written notice of its decision to Pembina County. Pembina County then formally requested under N.D.C.C. § 61–16.1–40.1 that the Cavalier County Water Resource Board and the Cavalier County Board of County Commissioners vote on whether to establish an assessment district. On July 1, 2008, the Cavalier County Water Resource Board and the Cavalier County Board of County Commissioners each voted not to create an assessment district to participate in the project and gave written notice to Pembina County of their decisions.

[¶ 4] Pembina County requested a joint meeting with Cavalier County to address the project, as required by N.D.C.C. § 61–16.1–40.1. The members of all of the affected governmental bodies met on August 12, 2008, and discussed the project. On December 10, 2008, the Cavalier County Water Resource Board and Cavalier County Board of County Commissioners held a joint meeting and decided to either submit the matter to a vote of the affected landowners in Cavalier County or offer to contribute $50,000 to the dam rehabilitation project. Pembina County was notified of the decision and, in an April 9, 2009, letter, rejected the $50,000 offer and threatened legal action if Cavalier County did not agree to Pembina County's proposed assessment.

[¶ 5] Cavalier County took no further action, and Pembina County petitioned the district court for a writ of mandamus requiring that Cavalier County create "a levy to cover 57% of the local cost share of the project." Cavalier County moved to dismiss the petition and the district court granted the motion, concluding Pembina

County had an adequate alternative remedy by appeal and that Pembina County did not have a clear legal right to performance of the act sought to be compelled by the writ. Judgment was entered dismissing the petition, and Pembina County appealed.

## II

[¶ 6] A district court is authorized to issue a writ of mandamus "to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." N.D.C.C. § 32-34-01. The issuance of a writ of mandamus is left to the district court's sound discretion. *Eichhorn v. Waldo Twp. Bd. of Supervisors*, 2006 ND 214, ¶ 20, 723 N.W.2d 112. Absent an abuse of that discretion, a district court's denial of a petition for a writ of mandamus will not be overturned on appeal. *Smith v. Burleigh County Bd. of Comm'rs*, 1998 ND 105, ¶ 9, 578 N.W.2d 533. A petitioner for a writ of mandamus must demonstrate a clear legal right to performance of the particular act sought to be compelled by the writ, and must further demonstrate that there is no other plain, speedy, and adequate remedy in the ordinary course of law. *Eichhorn*, at ¶ 19.

[¶ 7] This Court has repeatedly held that mandamus is not available if an appeal is authorized from an adverse decision of an administrative agency, political subdivision, or board and the applicant has failed to pursue and exhaust those appeal rights. *See, e.g., Wutzke v. Hoberg*, 2004 ND 42, ¶ 4, 675 N.W.2d 179; *Nagel v. City of Bismarck*, 2004 ND 9, ¶ 11, 673 N.W.2d 267; *Frank v. Traynor*, 1999 ND 183, ¶ 10, 600 N.W.2d 516; *Smith*, 1998 ND 105, ¶ 9, 578 N.W.2d 533; *Tooley v. Alm*, 515 N.W.2d 137, 140 (N.D.1994). Pembina County acknowledges that mandamus is generally not available if an appeal is authorized, but contends that exhaustion of appellate remedies is not required in this case because it would be futile, relying upon *Kadlec v. Greendale Twp. Bd. of Twp. Supervisors*, 1998 ND 165, 583 N.W.2d 817.

[¶ 8] The Court in *Kadlec* concluded that the appeal procedure in that case did not provide Kadlec a plain, speedy, and adequate remedy, and held that he was not precluded from seeking a writ of mandamus by his failure to exhaust his administrative remedies. The Court expressly noted, however, that its holding applied only "[u]nder the peculiar circumstances of this case." *Id.* at ¶ 22. This Court also expressly recognized in *Eichhorn*, 2006 ND 214, ¶ 30, 723 N.W.2d 112, that the holding in *Kadlec* was extremely limited, noting that "in *Kadlec*, this Court underscored the very 'peculiar circumstances' of that case, including that Kadlec's and the township's efforts to install the culvert had been simply overridden by the water resource district, even though the water resource district was not authorized under law to make that decision."

[¶ 9] This Court has otherwise consistently held that the availability of an appeal prohibits a party from seeking a writ of mandamus because there is a plain, speedy, and adequate remedy available. Under the circumstances presented in this case, Pembina County has not shown that it could not have obtained equivalent and adequate relief through a direct appeal of the decisions of Cavalier County. Pembina County does not dispute that it was an aggrieved party and could have appealed from the adverse decisions of the Cavalier County Water Resource Board and the Cavalier County Board of County Commissioners. *See* N.D.C.C. § 11-11-39 (authorizing an appeal to the district court from any decision of a board of county commis-

sioners); N.D.C.C. § 61–16.1–54 (authorizing an appeal to the district court from any order or decision of a water resource board). Pembina County could have appealed from any of the decisions by the Cavalier County Water Resource Board or Cavalier County Board of County Commissioners refusing to create an assessment district as requested by Pembina County, but failed to do so. Rather, Pembina County now makes the conclusory assertion, without supportive reasoning or facts, that such an appeal to the district court would have been futile. However, if Cavalier County had a clear legal duty under N.D.C.C. ch. 61–16.1 to create an assessment district to participate in repair costs of the dam, as Pembina County asserts, that issue could have been raised in a direct appeal to the district court from any of the multiple adverse decisions by the Cavalier County Water Resource Board or the Cavalier County Board of County Commissioners.

[¶ 10] The district court did not err in concluding that mandamus was unavailable because Pembina County did not demonstrate there was no other plain, speedy, and adequate remedy in the ordinary course of law. Because of our resolution, we do not reach the question whether Pembina County had a clear legal right to performance of the act sought to be compelled.

### III

[¶ 11] The judgment dismissing Pembina County's petition for a writ of mandamus is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.