CITY OF GRAND FORKS, North Dakota, a municipal corporation (appellant below), Appellee and Cross-Appellant,

v.

BOARD OF COUNTY COMMISSIONERS OF GRAND FORKS, North Dakota, Byron L. Dorgan, State Tax Commissioner of North Dakota, Grand Forks Public School District of Grand Forks, North Dakota, Grand Forks Park District of Grand Forks, North Dakota (respondents below),

University of North Dakota, Grand Forks, North Dakota (respondent below), Appellant and Cross-Appellee.

Civ. No. 9634.

Supreme Court of North Dakota.

Sept. 26, 1979.

Rehearing Denied Oct. 11, 1979.

Robert B. Hunter, Asst. City Atty., Grand Forks, for City of Grand Forks, appellee and cross-appellant.

Shaft, McConn, Fisher & Thune, Grand Forks, for University of North Dakota, appellant and cross-appellee; argued by Gary R. Thune, Grand Forks.

PEDERSON, Justice.

The University of North Dakota appealed and the City of Grand Forks cross-appealed a decision[1] by the district court that the court did not have jurisdiction in a tax case to hear the City's appeal, taken pursuant to § 11–11–39, NDCC, but which granted the City additional time to perfect an appeal to the Tax Appeals Board pursu-

---

1. UND appealed from ". . . that part of those Findings of Fact and Conclusions of Law dated March 27, 1979, wherein the District Court granted to the . . . City of Grand

ant to § 57–23.1–02, NDCC. We reverse the judgment and remand for further proceedings.

Because the only appeal from the judgment is taken by the City, we will consider the merits of the City's argument first.

UND made an application on Tax Commissioner Form A–101 to the Board of County Commissioners for an abatement of 1976 taxes on a tract of land called the "Bronson Quarter," claiming that the property is exempt. The form and § 57–23–06 require the recommendation of the City. The City recommended that the application be denied. At a hearing on April 25, 1978, the Board of County Commissioners granted the abatement in full in the presence of counsel for UND and counsel for the City. There was no partial rejection of UND's application and, accordingly, no statement of reasons for rejection as required by § 57–23–06.

On May 8, 1978, the county auditor gave UND notice that the Board of County Commissioners had granted in part and rejected in part its application for abatement. In explaining the rejection in part, the auditor indicated that "we cannot make an abatement on the specials." There was no explanation of the difference between the final action of the Board of County Commissioners, taken on April 25, and the notice being given on May 8. We can only presume that the Board of County Commissioners had reconsidered and set aside its action of April 25 and redetermined the matter on May 8. Notice of this redetermination was given to the City on May 10, 1978. The record contains no amended determination by the Board of County Commissioners.

The City's cross-appeal from the dismissal of its appeal under § 11–11–39 raises two questions:

(1) Was the appeal in this case timely under § 11–11–39? and

(2) Have appeals of tax determinations directly to district court under § 11–11–39 been superseded by § 57–23.1–02, which authorizes appeals first to a tax appeals board and then to district court?

Section 11–11–39 provides in part:

> "An appeal may be taken to the district court from any decision of the board of county commissioners by any aggrieved person."

Section 11–11–41 provides in part:

> "An appeal from a decision of the board of county commissioners must be taken within thirty days after the decision of the board by serving a written notice of appeal upon one member of the board. If the decision from which an appeal is taken relates to tax refunds, tax abatements, or other matters relating to taxation, a notice of appeal also shall be served by registered or certified mail upon the state tax commissioner."

■ The decision made by the Board of County Commissioners on April 25 to abate all of the 1976 taxes apparently was found, by the county auditor, to be invalid. The only date in the record on which we can presume that the Board of County Commissioners made the valid abatement is that of May 8. The City had no notice thereof until May 10, or thereafter. We conclude that, under these circumstances, the appeal of June 8 by the City, under § 11–11–39, was within the thirty days allowed by § 11–11–41.

Abatement proceedings and hearings thereon before boards of county commissioners under § 57–23–06, and appeals therefrom authorized by § 57–23–08, prior to amendments in 1973, " . . . in the manner provided for other appeals from the decisions of the board of county commissioners . . . ," have been long-established in this State. See also § 57–23–03.

Forks, a fifteen (15) day extension of the time within which the City of Grand Forks could perfect an appeal to the Tax Appeals Board." The City cross-appealed from " . . . that part of those Findings of Fact and Conclusions of Law dated March 27, 1979, and the Judgment dated April 16, 1979, wherein the District

Court held it lacked jurisdiction . . . ." [Emphasis added.] Ordinarily, appeals can be taken only from judgments or orders made appealable by statute. See e. g., *Crandall v. N.D. High School Activities Ass'n*, 261 N.W.2d 921 (N.D.1978), and *Rummel v. Rummel*, 234 N.W.2d 848 (N.D.1975).

In 1973 the Legislature created a Tax Appeals Board (Ch. 459, S.L.1973), and authorized appeals of tax determinations by boards of county commissioners to that Tax Appeals Board. Section 57–23.1–02. Decisions of the Tax Appeals Board were made appealable to the district court. In that same Act (Ch. 459, S.L.1973), the Legislature amended §§ 57–23–03 and 57–23–08 to specify, in § 57–23–03 that "any person aggrieved by any decision of said board of county commissioners may appeal to the tax appeals board in the manner provided by law," and, in § 57–23–08, that "the applicant may appeal the rejection . . . to the tax appeals board." Neither § 11–11–39 nor § 11–11–41 was amended at that time. The trial court concluded that by the 1973 enactment of § 57–23.1–02 and the 1973 amendments of §§ 57–23–03 and 57–23–08, the Legislature had, by implication, repealed § 11–11–41. We do not agree.

Recently, in *State v. Mees*, 272 N.W.2d 61, 64 (N.D.1978), we said:

"When statutes relate to the same subject matter in general, or are in *pari materia*, every effort should be made to give meaningful effect to each without rendering one or the other useless."

■ We have repeatedly stated, as have courts throughout the land, that repeals by implication are not favored. See, e. g., *Tharaldson v. Unsatisfied Judgment Fund*, 225 N.W.2d 39 (N.D.1974). In *Rodgers v. Freborg*, 240 N.W.2d 63 (N.D.1976), we said that to overcome the presumption against an implied repeal, it must be shown that the conflict between the two provisions is irreconcilable. "However, the fundamental test in all cases pertaining to repeal by implication is the intent of the Legislature." *Herman v. Magnuson*, 277 N.W.2d 445, 447 (N.D.1979).

The Legislature has stated, in § 1–02–38, that we are to presume that, among other things, "the entire statute is intended to be effective." "Ordinarily, all rules of construction are subservient to the rule that the intent and purpose of the Legislature should be given effect." *Caldis v. Board of Cty. Com'rs, Grand Forks Cty.*, 279 N.W.2d 665, 669 (N.D.1979).

■ Creation of the Tax Appeals Board (Ch. 459, S.L.1973) resulted from an interim study by the Legislative Council. Our examination of the legislative history discloses nothing upon which to base a conclusion that the Legislature intended to repeal any part or all of §§ 11–11–39 and 11–11–41. A committee document prepared by the Legislative Council staff clearly showed that appeals of tax abatements could be taken either directly to the district court or (prior to creation of the Tax Appeals Board) through the tax commissioner and then to the district court.

We find nothing irreconcilable about an apparent intent to continue to give taxpayers, or others aggrieved by a tax abatement determination, the alternative of appealing directly to the district court or proceeding first through the Tax Appeals Board.

This does not mean that we now encourage that which we criticized in *Shark Bros., Inc. v. Cass County*, 256 N.W.2d 701, 705 (N.D.1977), where we said:

"We do not favor or encourage, nor can we sustain, bifurcated self-induced or self-initiated procedures, one in the administrative process and one in the judicial process covering the same legal questions."

■ Accordingly, the City having elected to use the remedy provided by § 11–11–39, other remedies which might have been utilized will not be available.

In the light of our conclusions on the issues raised by the City on its cross-appeal, the questions raised by UND need not be answered. See *Hospital Services v. Brooks*, 229 N.W.2d 69, 71 (N.D.1975).

The judgment is reversed and the matter is remanded for further proceedings in the district court. The City is entitled to the usual costs on appeal.

ERICKSTAD, C. J., PAULSON and SAND, JJ., and CLIFFORD JANSONIUS, Supreme Court Commissioner, concur.

CLIFFORD JANSONIUS, Supreme Court Commissioner, sitting in place of VANDE WALLE, J., disqualified.