BURLINGTON NORTHERN RAILROAD, and Northwest Airlines, Inc., Plaintiffs and Appellees,

v.

The STATE of North Dakota By and Through its Tax Commissioner, Robert E. HANSON, Defendant and Appellant.

Civ. No. 920340.

Supreme Court of North Dakota.

May 26, 1993.

Christianne Yvette Runge and Donnita Wald, Asst. Attys. Gen., Tax Dept., Bismarck, for defendant and appellant.

Nilles, Hansen & Davies, Fargo, for plaintiffs and appellees; argued by Daniel J. Crothers.

SANDSTROM, Justice.

The State of North Dakota, through its Tax Commissioner, appeals from a declaratory judgment rejecting the Tax Commissioner's interpretation of N.D.C.C. § 57–39.2–04(22). We reverse.

■ N.D.C.C. § 57–39.2–02.1(1)(e) imposes a five percent sales tax upon the gross receipts from "the leasing or renting of a hotel or motel room or tourist court accom-

modations." Prior to 1991, N.D.C.C. § 57–39.2–04(22) provided a sales tax exemption for:

"Gross receipts from the leasing or renting of ... a hotel or motel room or tourist court accommodations for residential housing for periods of thirty or more consecutive days."

Burlington Northern Railroad and Northwest Airlines are corporations that regularly rent hotel or motel accommodations for their employees for thirty days or more at a time. Both corporations claimed the sales tax exemption. The legislature amended N.D.C.C. § 57–39.2–04(22) in 1991. It now exempts:

"[G]ross receipts from the leasing or renting of a hotel or motel room or tourist court accommodations *occupied by the same person or persons* for residential housing for periods of thirty or more consecutive days." (Emphasis supplied.)

After the amended statute was adopted, the Tax Commissioner amended the North Dakota Administrative Code. Under the new administrative rules, at least one natural person must occupy the motel or hotel room, or tourist court accommodation, for at least thirty or more consecutive days, in order for the exemption to apply. A business which rents rooms for its employees is not exempt from sales tax, unless the same worker or workers occupy the accommodation for thirty or more consecutive days.[1]

Burlington Northern Railroad and Northwest Airlines, sought declaratory and injunctive relief to prevent the Tax Department from enforcing its interpretation of N.D.C.C. § 57–39.2–04(22). They argue that under the clear meaning of the statute, a corporation that procures a hotel, motel, or tourist court accommodation for thirty days or more is exempt from sales tax. They contend the exemption applies regardless of how long an individual em-

---

1. N.D.A.C. § 81–04.1–04–26, states, in part:
 "A hotel, motel, or lodging accommodation used for residential housing for thirty or more consecutive days is exempt only when the accommodation includes continuous residency by at least one specific individual for thirty or more consecutive days....

 "A business which rents a lodging accommodation is not exempt from tax unless the same worker or workers occupy the accommodation for thirty or more consecutive days."

ployee occupies the accommodation, because the definition of "person" under N.D.C.C. § 57–39.2–01(5)[2] includes corporations. The Tax Commissioner argues that the statute was ambiguous and that the legislature intended "person or persons" to refer to natural persons, not corporations.

The district court held that the statute was not ambiguous since corporations are persons under N.D.C.C. § 57–39.2–01(5). Finding the statute clear on its face, the district court ruled that corporations that rent or lease rooms for their employees, for residential housing, for thirty or more consecutive days, are entitled to the sales tax exemption. The district court held the exemption applies even though the same employee or employees might not occupy the accommodation for thirty or more consecutive days.

The Tax Commissioner appeals contending that the sales tax exemption under N.D.C.C. § 57–39.2–04(22) is available only when the same natural person or natural persons occupy an accommodation for thirty or more consecutive days.

 "One claiming a tax exemption has the burden of establishing exempt status, and the tax exemption statute will receive a strict construction against the claimant." *Peterson v. Heitkamp*, 442 N.W.2d 219, 221 (N.D.1989). The interpretation of a statute is a question of law fully reviewable by this Court. *Id.* The primary purpose of statutory construction is to ascertain the intent of the legislature. *State v. Rambousek*, 479 N.W.2d 832, 834 (N.D.1992). Legislative intent must first be sought from the language of the statute. *Rocky Mountain Oil & Gas Ass'n v. Conrad*, 405 N.W.2d 279, 281 (N.D.1987). "Where the Legislature's intent is apparent from the face of the statute, there is no

room for construction and the court will follow the rule of literal interpretation in applying the words of the statute." *Peterson v. Heitkamp*, 442 N.W.2d at 221. When statutory language is clear and unambiguous, that language cannot be disregarded under the pretext of pursuing the legislative intent because the legislature's intent is presumed to be clear from the face of the statute. *Republican Com. v. Democrat Com.*, 466 N.W.2d 820, 824–25 (N.D.1991). However, when a statute is susceptible to differing but rational meanings, we may look to extrinsic aids to determine the legislature's intent. *Id.* at 825. Words used in a statute are understood in their ordinary sense, unless they are defined by statute. *State v. Larson*, 479 N.W.2d 472, 473 (N.D.1992). In addition to these general rules of statutory construction, we are aided by N.D.C.C. § 57–39.2–01, which states that "[t]he following words, terms, and phrases, when used in this chapter, have the meaning ascribed to them in this section, except where the context clearly indicates a different meaning."

The Tax Commissioner concedes that the term "person," as defined by N.D.C.C. § 57–39.2–01(5), includes corporations, but argues the terms "occupied by the same person or persons for residential housing" clearly indicate a different meaning. In essence, the Tax Commissioner argues that a corporation cannot occupy a hotel or motel room or tourist court accommodation for residential housing.

We construe words in their ordinary sense. N.D.C.C. § 1–02–02. "Occupy" as used in the statute means actual use and possession, or to dwell within. *See* The Random House Dictionary of the English Language (2nd ed. 1987) p. 1340.[3] The term "residential housing" implies the ac-

---

2. N.D.C.C. § 57–39.2–01(5), states:
 " 'Person' includes any individual, firm, partnership, joint adventure, association, corporation, estate, business trust, receiver, or any other group or combination acting as a unit and the plural as well as the singular number."

3. The Random House Dictionary of the English Language (2nd ed. 1987) p. 1340, defines "occupy" as:

 "1. to take or fill up (space, time, etc.): *I occupied my evenings reading novels.* 2. to engage or employ the mind, energy, or attention of: *Occupy the children with a game while I prepare dinner.* 3. to be a resident or tenant of; dwell in: *We occupied the same house for 20 years.* 4. to take possession and control of (a place), as by military invasion. 5. to hold (a position, office, etc.).—*v.i.* 6. to take or hold possession."

commodations are where "people reside or dwell, or in which they make their homes, as distinguished from [use] for a commercial or business purpose." *Knudtson v. Trainor*, 216 Neb. 653, 345 N.W.2d 4, 6 (1984). When construed together, "occupy" and "residential housing" imply inhabitation or possession for a nonbusiness, nontransient purpose. A corporation, as a fictional person, cannot actually inhabit or dwell within a motel or hotel room or tourist court accommodation. *Compare Cale Development v. Conciliation and App. Bd.*, 94 A.D.2d 229, 463 N.Y.S.2d 814, 816–17 (1 Dept. 1983) [Corporation could not occupy an apartment]. However, a corporation acts through its directors, officers and employees. *Airvator, Inc. v. Turtle Mountain Mfg. Co.*, 329 N.W.2d 596, 604 (N.D.1983). In this regard, a corporation may possess or use a hotel or motel room or tourist court accommodation for a nonbusiness purpose through its employees. Since the statute is subject to different but rational meanings, we may look to extrinsic aides to determine the legislature's intent.

Walt Stack, Director of the Sales and Special Taxes Division for the Tax Department, testifying on behalf of S.B. 2393 before the Senate Finance and Taxation Committee, stated:

"As all of you know, hotel or motel accommodations are subject to North Dakota's sales tax; however, there is a provision which exempts these same accommodations if they are rented for thirty consecutive days. That exemption was created because several hotels and motels around North Dakota house elderly people on a monthly basis. The legislature recognized that there are people who live in hotels and motels and they wanted to be sure that these people were exempt from the sales tax just as they would be if they were renting an apartment or a home.

"We have found that several large transportation companies, including railroads and airline companies, are leasing these rooms on a monthly basis in avoiding the sales tax. These room are used by various crews of either the railroad or the airline and are filled most of the thirty days for which the rent is paid. We do not believe that the exemption created in the law was to benefit transportation companies and we are asking that the exemption be modified to provide that the same person must stay in the room for thirty consecutive days or the rental of the room is subject to sales tax."

The legislature subsequently amended N.D.C.C. 57–39.2–04(22) to include the "same person" restriction urged by the Tax Commissioner. We believe the legislature intended to restrict the sales tax exemption to situations where the same natural person or natural persons occupy an accommodation for thirty consecutive days or more. The Tax Commissioner's interpretation of the statute is consistent with the legislature's intent. Under the amended version of N.D.C.C. 53–39.2–04(22), corporations are not "persons." Accordingly, corporations that rent rooms for their employees are subject to sales tax, unless the same employee or employees occupy the accommodation for thirty consecutive days or more.

The judgment of the district court is reversed.

VANDE WALLE, C.J., and MESCHKE, LEVINE and NEUMANN, JJ., concur.