**Benjamin HETTICH, Petitioner and Appellant,**

v.

**Marshall MOORE, Director, North Dakota Department of Transportation, Respondent and Appellee.**

Civ. No. 930347.

Supreme Court of North Dakota.

March 30, 1994.

Schoppert Law Firm, Minot, for petitioner and appellant; argued by Thomas K. Schoppert.

Douglas B. Anderson (argued), Asst. Atty. Gen., Bismarck, for respondent and appellee.

MESCHKE, Justice.

Benjamin Hettich appeals from a decision by the North Dakota Department of Transportation suspending his driving privileges. We affirm.

Officer Samuel Lincoln arrested Hettich for driving under the influence of alcohol. Hettich agreed to a breath test administered by Officer Lincoln, a certified Intoxilyzer operator. *See* NDCC 39–20–07(6). Hettich's breath test showed a blood-alcohol concentration of 0.12% by weight. At the administrative hearing, Officer Lincoln testified he followed the State Toxicologist's approved method of operating the Intoxilyzer. After admitting a completed "Intoxilyzer Test Record And Checklist" (Form 106–I) into evidence, the hearing officer concluded Hettich's breath test was fairly administered and suspended his license for 364 days. The district court affirmed the suspension and Hettich appeals.

■ The only issue on appeal is whether the hearing officer properly concluded Het-

tich's breath test was fairly administered. Hettich argues that Lincoln's testimony indicates he did not insert the test record into the Intoxilyzer at the right time. The prosecution argues Hettich incorrectly interprets the approved method. We agree.

"On appeal, we review the Department's decision and not the decision of the district court." *Maher v. North Dakota Dep't of Transp.*, 510 N.W.2d 601, 603 (N.D.1994). As we wrote in *Erickson v. Director, North Dakota Dep't of Transp.*, 507 N.W.2d 537, 539 (N.D.1993), when an appeal from an agency involves a legal question, "this Court will affirm the agency's order unless it finds the agency's order is not in accordance with the law."

 Chemical test results can be admitted into evidence if the proponent proves the test was fairly administered. *Salter v. Hjelle*, 415 N.W.2d 801, 803 (N.D.1987). A chemical test is fairly administered if the operator complies with the approved method of the State Toxicologist. *Id.*; NDCC 39–20–07(5). Compliance with the approved method can be proved by properly completed and certified documents alone, testimony "showing that the testing officer performed every step in the approved method, or proof that the missing steps do not significantly affect the test results." *Salter*, 415 N.W.2d at 806. Here, in addition to certified documents, Officer Lincoln testified that he followed the approved method.

The State Toxicologist's "Approved Method To Conduct Breath Test With Intoxilyzer" directs:

> To initiate a test depress the "Start Test" switch. The display will flash "Insert Test Record". *Before the display time expires,* insert a Form 106–I into the instrument. Once the Form 106–I is inserted, the Intoxilyzer will perform a series of diagnostic checks.

(emphasis added). Officer Lincoln testified on direct examination:

> MR. FRAASE: When ... at what point did you insert the test record?
>
> OFFICER LINCOLN: The test record was inserted right away.

> MR. FRAASE: And how do you know when to insert that?
>
> OFFICER LINCOLN: The display panel reads insert test record. And that's when it's inserted.

Officer Lincoln then described the results of the breath test.

Later, on cross-examination, Officer Lincoln testified:

> MR. SCHOPPERT: So, the machine was going all that time?
>
> OFFICER LINCOLN: Yes, it was warming up, right.
>
> MR. SCHOPPERT: And on that display panel, does it have a display time on it?
>
> OFFICER LINCOLN: Correct.
>
> MR. SCHOPPERT: What does the display time say?
>
> OFFICER LINCOLN: The time of day it is.
>
> MR. SCHOPPERT: And the date?
>
> OFFICER LINCOLN: Yes, the date of the day.
>
> MR. SCHOPPERT: And I take it, that display time would have gone away before you inserted the test record card, right?
>
> OFFICER LINCOLN: That's right. It leave[s] the screen when you press the start test switch.
>
> MR. SCHOPPERT: Okay. Now, did you make another card here? Did you duplicate or reprint a card?
>
> OFFICER LINCOLN: No, I did not.

Based on this testimony, the hearing officer found that "[t]he test record was timely inserted into the intoxilyzer," and Hettich was "properly tested."

On appeal, Hettich argues "display time expires" refers to the chronological time displayed by the Intoxilyzer. The chronological time was no longer displayed when Officer Lincoln inserted the test record. Therefore, Hettich says, his breath test was not fairly administered. This argument conflicts with both the language of the approved method and the instructions provided by the Intoxilyzer itself.

Officer Lincoln testified that the chronological time "leave[s] the screen when you press the start test switch." Therefore, to

insert the test record before the chronological time expires, Officer Lincoln would also have to insert the record before pressing the "Start Test" switch. However, according to the approved method, "[o]nce the Form 106–I is inserted, the Intoxilyzer will perform a series of diagnostic checks," take a room air sample, and then ask for the first breath sample. Under Hettich's interpretation of the approved method, the test operator would never have to "depress the 'Start Test' switch" to administer a breath test.

Hettich's interpretation of the approved method is also inconsistent with the instructions displayed by the Intoxilyzer. The first paragraph of the approved method states that an operator must follow both "the procedure outlined in this document *and the instructions displayed by the Intoxilyzer.*" (emphasis added). Hettich argues that the test record must be inserted before pressing the "Start Test" switch, but the Intoxilyzer will only display "Insert Test Record" after the switch is pressed. Therefore, by the Intoxilyzer instruction, Officer Lincoln could not insert the test record before the chronological time leaves the screen.

 Interpretation of the approved method for breath testing is a legal question, and our primary purpose is "to ascertain the intent" of the State Toxicologist. *See Burlington Northern v. State,* 500 N.W.2d 615, 617 (N.D.1993) (interpretation of statute). In light of the State Toxicologist's intent that the approved method supplement, rather than replace, the instructions displayed by the Intoxilyzer, we conclude the phrase "display time expires" does not refer to the chronological time.

Hettich cites *Wagner v. Backes,* 470 N.W.2d 598 (N.D.1991), as authority for his argument. In *Wagner,* Hettich's counsel used the same method of cross-examination, and the officer admitted that he had not complied with the approved method. As a result of this unrebutted admission, this court only considered the effect of the officer's non-compliance with the State Toxicologist's instructions. In this case, Officer Lincoln did not admit he deviated from the approved method.

Officer Lincoln inserted Hettich's test record as instructed by the Intoxilyzer and by the approved method. The hearing officer properly found that Hettich's breath test was fairly administered, and we affirm.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.