2010 ND 83

**Cameron ARNEGARD and Mary S. Arnegard, Plaintiffs and Appellants**

v.

**Richard CAYKO, Chairman, Board of County Commissioners, Frances Olson, McKenzie County Auditor, and McKenzie County, Defendants and Appellees.**

No. 20090222.

Supreme Court of North Dakota.

May 11, 2010.

Cameron Arnegard (argued) and Mary S. Arnegard (appeared), self-represented, Arnegard, N.D., plaintiffs and appellants.

Dennis Edward Johnson, State's Attorney, Watford City, N.D., for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1] Cameron and Mary Arnegard appealed from a summary judgment dismissing their lawsuit against Richard Cayko, Chairman of the Board of County Commissioners; Frances Olson, McKenzie County Auditor; and McKenzie County ("County"). The Arnegards argue they are entitled to a property tax exemption for the residence located on their farm. We affirm, concluding the Arnegards failed to present evidence establishing that they qualify for the tax exemption.

I

[¶ 2] The Arnegards own an agricultural operation in McKenzie County and reside in a house located on their farm. In 2006, the Arnegards applied for a property tax exemption for their residence under N.D.C.C. § 57–02–08(15). The exemption was approved.

[¶ 3] In 2007, the Arnegards were informed they were not eligible for the tax exemption and were required to pay property taxes on their home because they did not meet the requirements for the exemption. The Arnegards paid the amount assessed under protest and appealed the decision to the Board of County Commissioners. The Board denied the appeal, and the Arnegards filed an action in the district court requesting a judgment for the amount they paid in property taxes on the residence with interest, costs, and attorney fees. The County later rejected the Arnegards' 2008 tax exemption application, and the Arnegards amended their complaint to include their 2008 taxes.

[¶ 4] Both parties moved for summary judgment. The County argued the Arne-

gards do not meet the statutory requirements for the farm residence exemption because their nonfarm income exceeded $40,000 and the ratio of their nonfarm income to farm income made them ineligible. The district court granted the County's motion for summary judgment, concluding that there were no genuine issues of material fact and that the Arnegards do not qualify for the exemption under the plain language of the statute.

## II

[¶ 5] Summary judgment is a procedural device for promptly resolving a controversy on its merits without a trial if there are no genuine issues of material fact or if the only issues to be resolved are questions of law. *Schleuter v. Northern Plains Ins. Co., Inc.*, 2009 ND 171, ¶ 6, 772 N.W.2d 879. The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact, and if the moving party meets that burden the party opposing the motion must present competent admissible evidence to show the existence of a genuine issue of material fact. *Davis v. Enget*, 2010 ND 34, ¶ 6, 779 N.W.2d 126. The opposing party must demonstrate a genuine issue of material fact by presenting enough evidence to allow a reasonable jury to rule in their favor. *Id.*

[¶ 6] The standards for reviewing a court's decision whether to grant summary judgment are well-established:

In deciding whether the district court appropriately granted summary judgment, this Court views the evidence in the light most favorable to the party opposing the motion, and the opposing party will be given the benefit of all favorable inferences that can reasonably be drawn from the record. On appeal, we decide "whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law."

*Schleuter*, 2009 ND 171, ¶ 6, 772 N.W.2d 879 (quoting *Farmers Union Mut. Ins. Co. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 2007 ND 135, ¶ 7, 737 N.W.2d 253 (citations omitted)). Whether a district court properly granted summary judgment is a question of law, which we will review de novo on the entire record. *Schleuter*, at ¶ 6.

[¶ 7] Our decision in this case requires us to construe and apply the farm structure and improvement exemption. Under N.D.C.C. § 57–02–08(15), all farm structures and improvements located on agricultural lands are exempt from taxation. The statute specifically provides a tax exemption for a farm residence:

b. It is the intent of the legislative assembly that this exemption as applied to a residence must be strictly construed and interpreted to exempt only a residence that is situated on a farm and which is occupied or used by a person who is a farmer and that the exemption may not be applied to property which is occupied or used by a person who is not a farmer. For purposes of this subdivision:

. . . .

(2) "Farmer" means an individual who normally devotes the major portion of time to the activities of producing products of the soil, poultry, livestock, or dairy farming in such products' unmanufactured state and has received annual net income from farming activities which is fifty percent or more of annual net income, including net income of a spouse if married, during any of the three preceding calendar years.

. . . .

(3) "Net income from farming activities" means taxable income from those activities as computed for income tax purposes pursuant to chapter 57–38 adjusted to include the following:

(a) The difference between gross sales price less expenses of sale and the amount reported for sales of agricultural products for which the farmer reported a capital gain.

(b) Interest expenses from farming activities which have been deducted in computing taxable income.

(c) Depreciation expenses from farming activities which have been deducted in computing taxable income.

. . . .

(5) In addition to any of the provisions of this subsection or any other provision of law, a residence situated on agricultural land is not exempt for the year if it is occupied by an individual engaged in farming who had nonfarm income, including that of a spouse if married, of more than forty thousand dollars during each of the three preceding calendar years.

N.D.C.C. § 57–02–08(15). An individual who claims a tax exemption has the burden of establishing exempt status. *Burlington Northern R.R. v. State,* 500 N.W.2d 615, 617 (N.D.1993).

[¶ 8] The Arnegards argue the district court erred in deciding they do not meet the requirements for the property tax exemption under N.D.C.C. § 57–02–08(15). The Arnegards contend they are "farmers" under the statute and "nonfarm income" does not include "passive income." The Arnegards claim most of their "nonfarm income" is "passive income" from investment activities and, therefore, should not be considered in determining whether they qualify for the exemption. The County argues an individual will qualify as a "farmer" and the individual's residence will qualify for the property tax exemption under N.D.C.C. § 57–02–08(15) only if the individual receives fifty percent or more of the individual's net annual income from farming activities for any one of the three years preceding the year for which the exemption is applied, and if the individual receives less than $40,000 in nonfarm income for three consecutive years prior to the year for which the exemption is applied. The County contends the Arnegards failed to show they meet the requirements for the property tax exemption.

[¶ 9] The district court denied the Arnegards' motion for summary judgment and granted the County's motion for summary judgment. The court found the Arnegards did not meet their burden of establishing their residence is tax exempt because they failed to show that passive income should not be included in determining nonfarm income under the statute, that their farm income was one-half of their total income, and that their nonfarm income was less than $40,000.

[¶ 10] The interpretation of a statute is a question of law, which is fully reviewable on appeal. *Burlington Northern,* 500 N.W.2d at 617. The rules of statutory interpretation are well-established:

The primary objective in interpreting a statute is to determine the intent of the legislature by first looking at the language of the statute. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to

give meaning to related provisions. N.D.C.C. § 1–02–09.1. If the language of a statute is clear and unambiguous, "the letter of the statute cannot be disregarded under the pretext of purs[u]ing its spirit." N.D.C.C. § 1–02–05. A statute is ambiguous if it is susceptible to different, rational meanings. If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent. N.D.C.C. § 1–02–39.

*State ex rel. North Dakota Dept. of Labor v. Matrix Properties Corp.,* 2009 ND 137, ¶ 8, 770 N.W.2d 290 (quoting *Sauby v. City of Fargo,* 2008 ND 60, ¶ 8, 747 N.W.2d 65) (citations omitted).

[¶ 11] A residence must be situated on a farm and be occupied or used by a person who is a "farmer" to qualify for the property tax exemption under N.D.C.C. § 57–02–08(15). An individual is a "farmer" for purposes of the statute if fifty percent or more of the individual's annual net income was from farming activities during any of the three calendar years preceding the year the individual applied for the exemption. N.D.C.C. § 57–02–08(15)(b)(2). Under the plain language of the statute, an individual does not have to receive fifty percent or more of his income from farming activities in all three years, but only has to receive fifty percent of his annual net income from farming activities in one of the three preceding calendar years to qualify as a "farmer."

■■■ [¶ 12] Additionally, a farm residence is not exempt from taxation if it is occupied by an individual engaged in farming who has nonfarm income of more than $40,000 during each of the three preceding calendar years. N.D.C.C. § 57–02–08(15)(b)(5). The County contends the statute requires that an individual receive no more than $40,000 in nonfarm income for three consecutive years prior to the

year the exemption is applied for to qualify for the exemption, but under the plain language of the statute an individual must have nonfarm income over $40,000 for all three preceding years to be disqualified for the exemption. *See also Hearing on H.B. 1280 Before the House Finance and Taxation Comm.,* 55th N.D. Legis. Sess. (Jan. 22, 1997) (testimony of Rep. Ole Aarsvold, stating an individual must have nonfarm income in excess of the statutory amount for three consecutive years to lose the exemption) ["*Hearing on H.B. 1280*"]. For a farm residence to qualify for the exemption, the individual occupying the property must only show that the individual's nonfarm income was less than $40,000 in one of the three years preceding the exemption.

■■ [¶ 13] We conclude under the plain language of N.D.C.C. § 57–02–08(15), a residence does not qualify for the property tax exemption if the residence is occupied by an individual whose nonfarm income exceeds his or her farm income for three consecutive years or the individual's nonfarm income exceeds $40,000 per year for three consecutive years. *See Hearing on H.B. 1280, supra* (testimony of Rep. Ole Aarsvold, stating to lose the exemption, an individual must have three consecutive years where the nonfarm income exceeds the farm income or three consecutive years where the nonfarm income exceeds the amount specified in the statute).

[¶ 14] The Arnegards argue the evidence they presented shows they met the requirements for the exemption in 2007 and 2008. They claim "passive income," including IRA distributions or pensions or other investment income, should not be included in calculating their "nonfarm income" for purposes of the tax exemption. They contend the evidence they presented was sufficient because the evidence shows they received fifty percent of their income

from farming in one of the three years and had nonfarm income of less than $40,000 during one of the three years when their passive income is excluded from their nonfarm income.

[¶ 15] We look at the language of the statute first to determine the legislature's intent. *Matrix Properties Corp.*, 2009 ND 137, ¶ 8, 770 N.W.2d 290. Section 57-02-08(15), "Nonfarm income" is not specifically defined, and therefore is given its plain, ordinary, and commonly understood meaning. *See* N.D.C.C. § 1-02-02; *Matrix Properties Corp.*, 2009 ND 137, ¶ 8, 770 N.W.2d 290 (words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are specifically defined in the statute or the legislature clearly intended otherwise). "Net income from farming activities" is specifically defined, and therefore any income not included in income from farming activities is included in "nonfarm income." The statute does not specifically exclude "passive income" from nonfarm income, and there is no indication in the legislative history that the Legislature intended to exclude "passive income" in determining nonfarm income. Furthermore, the statute states it must be strictly construed. N.D.C.C. § 57-02-08(15)(b); *see also Burlington Northern*, 500 N.W.2d at 617 (tax exemption statutes are strictly construed against claimants). If the Legislature intended to exclude "passive income" from nonfarm income, it could have included language to that effect. *Cf. Narum v. Faxx Foods, Inc.*, 1999 ND 45, ¶ 21, 590 N.W.2d 454 (when statute is read in a reasonable manner it does not allow plaintiffs an unlimited amount of time to bring a suit, and if the Legislature intended such a result it could have included language to that effect).

[¶ 16] The Arnegards presented their 2007 and 2008 income tax returns as evidence of their income to establish they met the requirements for the property tax exemption for both the 2007 and 2008 tax years, believing that passive income is not included in nonfarm income. The evidence showed the Arnegards' 2007 net income from farming activities was $68,203 and their nonfarm income was $118,410, including social security benefits and IRA distributions. The evidence showed their 2008 net income from farming activities was $58,619 and their nonfarm income was $97,871. The Arnegards failed to present evidence of their income for all three calendar years preceding the years for which the exemptions were applied and the evidence they presented does not establish that they met the requirements for the property tax exemption in either 2007 or 2008. On the entire record, we conclude the Arnegards failed to meet their burden of proving they are entitled to the farm residence property tax exemption and the district court properly granted the County's motion for summary judgment.

### III

[¶ 17] We affirm the district court's summary judgment dismissing the Arnegards' action against the County.

[¶ 18] DALE V. SANDSTROM, DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.