2011 ND 65

**In the Matter of Appeal of GRAND FORKS HOMES, INC.; Continental Homes, Inc.; Homestead Place; MDI Limited Partnership # 35; Faith & Hope, LP; Terzetto Village, LLC; and GFH Supportive Housing, LLC, Appellants**

v.

**STATE of North Dakota, by and through STATE BOARD OF EQUALIZATION, and Grand Forks County, Appellees.**

No. 20100198.

Supreme Court of North Dakota.

March 22, 2011.

Russell John Melland, Grand Forks, N.D., for appellants.

Daniel Lucian Rouse (argued), Donnita Ann Wald (appeared), Special Assistants to the State Board of Equalization, Office of State Tax Commissioner, Bismarck, N.D., for appellee State of North Dakota, by and through State Board of Equalization.

John Alan Warcup, Special Assistant State's Attorney, Grand Forks, N.D., for appellee Grand Forks County.

SANDSTROM, Justice.

[¶ 1] Grand Forks Homes, Inc., and several other property owners (collectively "property owners") appeal from a district court judgment dismissing their appeals from decisions of the State Board of Equalization ("State Board") and the Grand Forks Board of County Commissioners ("County Board") denying their applications for exemptions from real estate taxes. The property owners also challenge the court's denial of their motions to amend the pleadings to seek a writ of mandamus and to allow the filing of amici curiae briefs. We conclude the court did not err in dismissing the property owners' appeals because the State Board had no authority to grant their requests for tax exemptions and the property owners' appeal from the County Board's decision was untimely. We further conclude the court did not abuse its discretion in denying the property owners' motions. We affirm.

I

[¶ 2] Most of the property owners are nonprofit corporations that own and operate apartment complexes in Grand Forks and rent units to low-income families or to physically or mentally disabled persons. They are described in more detail in *Grand Forks Homes, Inc. v. Grand Forks Bd. of County Comm'rs*, 2011 ND 50, ¶¶ 2–4, 795 N.W.2d 381. GFH Supportive Housing, LLC, which was not a party in that case, is a limited liability company described in this record as "an initiative for transitional housing in the City of Grand Forks" and the "recipient of a Community Development Block Grant, [which] provides a public benefit, and is a charitable, non-profit."

[¶ 3] The property owners filed applications with the city of Grand Forks for real estate tax exemptions for 2009, claiming their properties were exempt from tax-

ation under N.D. Const. art. X, § 5, and N.D.C.C. § 57–02–08(8) because they are used for charitable or other public purposes. After the city denied the applications, the property owners appealed to the County Board, acting as the Grand Forks County Board of Equalization. The County Board denied the requests for tax exemptions on July 7, 2009. The property owners then appealed the County Board's decision to the State Board, which made no change to the assessments. On October 22, 2009, the property owners appealed the September 22, 2009, State Board decision and the July 7, 2009, County Board decision to district court.

[¶ 4] The State Board and the County Board moved to dismiss the property owners' appeals. In response, the property owners sought to amend their pleadings to seek a writ of mandamus directing the State Board to act on their tax exemption requests. The property owners also moved to allow the filing of amici curiae briefs in district court. The court ruled the State Board had no authority to grant the property owners' requested relief and dismissed their appeal from the County Board's decision because it was not filed within 30 days from the County Board's July 7, 2009, decision. The court denied the motion to amend the pleadings, concluding it could not issue a writ of mandamus directing the State Board to perform an act it had no authority to perform. The court also denied the property owners' request to allow the filing of amici curiae briefs.

## II

■ [¶ 5] The property owners argue the district court erred in concluding the State Board had no legal authority to determine whether their properties are entitled to charitable tax exemptions under state law.

■ [¶ 6] Assessment of taxable property in this state is addressed in N.D. Const. art. X, § 4, which provides in relevant part:

All taxable property except as hereinafter in this section provided, shall be assessed in the county, city, township, village or district in which it is situated, in the manner prescribed by law. The property, including franchises of all railroads operated in this state, and of all express companies, freight line companies, dining car companies, sleeping car companies, car equipment companies, or private car line companies, telegraph or telephone companies, the property of any person, firm or corporation used for the purpose of furnishing electric light, heat or power, or in distributing the same for public use, and the property of any other corporation, firm or individual now or hereafter operating in this state, and used directly or indirectly in the carrying of persons, property or messages, shall be assessed by the state board of equalization in a manner prescribed by such state board or commission as may be provided by law.

The State Board is given the constitutional authority to make assessments of "centrally assessed property" owned by statewide entities. *Soo Line R.R. Co. v. State*, 286 N.W.2d 459, 465 (N.D.1979).

[¶ 7] Statutes address "locally assessed property," *Soo Line R.R. Co.*, 286 N.W.2d at 465, and outline the assessment duties of the various local taxing jurisdictions. *See* N.D.C.C. chs. 57–09 (township board of equalization), 57–11 (city board of equalization), and 57–12 (county board of equalization). Under N.D.C.C. § 57–02–11(1), "[a]ll real property subject to taxation must be listed and assessed every year with reference to its value" by a local taxing jurisdiction. Section 57–02–14, N.D.C.C., provides that in assessing prop-

erty, "the assessor shall enter in a separate list each description of property exempt by law and shall value it in the same manner as other property, designating in each case to whom such property belongs and for what purpose used." A person or entity claiming a tax exemption must file a certificate with "the assessor and with the county auditor," and if no certificate is filed, "the assessor shall regard the property as nonexempt property and shall assess it as such." N.D.C.C. § 57–02–14.1.

[¶ 8] Under N.D.C.C. § 57–09–04, the "township board of equalization shall ascertain whether all taxable property in its township has been properly placed upon the assessment list and duly valued by the assessor." Under N.D.C.C. § 57–11–03, a city "board of equalization shall proceed to equalize and correct the assessment roll" and "may change the valuation and assessment of any real property upon the roll by increasing or diminishing the assessed valuation thereof as is reasonable and just to render taxation uniform...." Under N.D.C.C. § 57–12–04, a "county board of equalization shall examine and compare the assessments returned by the assessors of all the districts within the county and shall proceed to equalize the same throughout the county between the several assessment districts."

[¶ 9] The North Dakota Constitution directs that "[t]axes shall be uniform upon the same class of property including franchises within the territorial limits of the authority levying the tax." N.D. Const. art. X, § 5. The State Board, comprised of the "governor, state treasurer, state auditor, agriculture commissioner, and state tax commissioner," N.D.C.C. § 57–13–01, meets on the first Tuesday of August to "assess all of the taxable property which such board is required to assess," N.D.C.C. § 57–13–02, and meets on the second Tuesday of August to "examine and

compare the returns of the assessment of taxable property as returned by the several counties in the state, and shall proceed to equalize the same so that all assessments of similar taxable property are uniform and equal throughout the state...." N.D.C.C. § 57–13–03.

[¶ 10] The State Board performs its duties "by adding to the aggregate value thereof in any assessment district in a county and in every county in the state in which the board may believe the valuation too low, such percentage rate as will raise the same to its proper value ..., and by deducting from the aggregate assessed value thereof, in any assessment district in a county and every county in the state in which the board may believe the value too high, such percentage as will reduce the same to its proper value...." N.D.C.C. § 57–13–04(1). The State Board may also raise or lower assessments with regard to equalizing aggregate parcels of property, *see* N.D.C.C. § 57–13–04(2), and equalizing individual assessments. *See* N.D.C.C. § 57–13–04(3)(a) and (b).

■ [¶ 11] We see nothing in the Constitution or in this statutory scheme providing the State Board with the authority to reclassify as tax exempt locally assessed properties. We give words in constitutional and statutory provisions their plain, ordinary, and commonly understood meaning. *Thompson v. Jaeger*, 2010 ND 174, ¶ 7, 788 N.W.2d 586; *Arnegard v. Cayko*, 2010 ND 83, ¶ 10, 782 N.W.2d 54. An "assessment" differs from an "exemption." An "assessment" has been defined as, "[i]n a general sense, the process of ascertaining and adjusting the shares respectively to be contributed by several persons towards a common beneficial object according to the benefit received. A valuation or a determination as to value of property." *Black's Law Dictionary* 116 (6th ed.1990); *see also Merriam–Webster's Collegiate*

*Dictionary* 74 (11th ed.2003). An "exemption" is defined as "[f]reedom from a general duty or service; immunity from a general burden, tax, or charge." *Black's Law Dictionary* 571 (6th ed.1990); *see also Merriam–Webster's Collegiate Dictionary* 437 (11th ed.2003). The State Board is by law given authority to make assessments of centrally assessed property, and local taxing jurisdictions are given authority to make assessments of locally assessed property. Although the State Board is charged with the duty to equalize the valuation of locally assessed taxable properties throughout the state, it is not authorized to declare locally assessed taxable properties exempt from taxation. Only local taxing authorities are given statutory authority to classify locally assessed properties as exempt from taxation.

[¶ 12] The property owners argue the State Board would not be reclassifying their properties as tax exempt, but would be equalizing the valuation of their Grand Forks properties to zero to match the valuations of allegedly similarly situated properties in Bismarck and Minot which have been granted tax exemptions by the respective local taxing authorities. The property owners' argument is not persuasive. The property owners' argument rests upon the incorrect premise that tax exempt property has no value. However, under the statutory scheme, properties that are exempt from taxation are valued in the same manner as taxable properties, but the owners of the tax exempt properties are not required to pay the taxes that would otherwise be assessed. *See* N.D.C.C. §§ 57–02–14 and 57–02–14.1. The statutory scheme does not contemplate the burden the property owners seek to impose upon the State Board, which is neither a tax appeals court nor an administrative agency. *See* N.D.C.C. § 28–32–01(2)(i); *Koch Hydrocarbon Co. v. State*, 454 N.W.2d 508, 511 (N.D.1990). The

property owners are not merely requesting the State Board to "equalize" the valuation of their properties, but are requesting the State Board to overturn the County Board's decision and reclassify their properties as exempt from taxation.

[¶ 13] The property owners rely on a 2000 letter of the Attorney General indicating that the State Board "is the body charged by law with making such determinations [on the 'taxability' of properties] when presented to them." Letter from Attorney General Heidi Heitkamp to Traill County State's Attorney Stuart A. Larson, November 28, 2000, at 1. The property owners' reliance on this letter is misplaced because the Attorney General determined "it would be inappropriate for me to issue an opinion on the matter at this time" and cautioned that "[t]his discussion should not necessarily be considered a formal legal position of this office." *Id.* Moreover, even if the letter was a formal opinion, we follow opinions of the Attorney General only if they are persuasive. *See, e.g., Great W. Bank v. Willmar Poultry Co.*, 2010 ND 50, ¶ 20, 780 N.W.2d 437. The Attorney General's letter is not persuasive because it contains no analysis supporting its suggestion that the State Board has the authority to determine the "taxability" of locally assessed properties.

[¶ 14] The property owners argue the State Board has itself "recognized and exercised its legal authority to recognize [tax] exemption[s] in the past." However, a governmental body may certainly reexamine prior decisions or legal positions and correct erroneous interpretations of the law. *See Amerada Hess Corp. v. State*, 2005 ND 155, ¶ 22, 704 N.W.2d 8, and cases collected therein. The property owners also attempt to support their position with *Trollwood Vill. Ltd. P'ship v. Cass County Bd. of County Comm'rs*, 557 N.W.2d 732, 735 (N.D.1996), in which this

Court made the innocuous statement that "[t]he owner of any property assessed by a county may appeal the assessment to the state board of equalization, which meets in August to equalize assessments throughout the state. N.D.C.C. §§ 57–12–06(3), 57–13–03, and 57–13–04." *Trollwood Vill. Ltd. P'ship* involved the property owners' appeal from a board of county commissioners' decision on the valuation of the property, not the tax exempt status of the property. 557 N.W.2d at 734. This Court's statement cannot be interpreted to provide the State Board with the authority to consider matters unauthorized by state law.

[¶ 15] We conclude the State Board has no authority under state law to reclassify locally assessed property as exempt from taxation. The district court did not err in ruling the State Board "is without any legal authority to reverse [the County Board's] decision and grant [the property owners'] request for exemption."

### III

[¶ 16] Our conclusion the State Board has no authority to grant the property owners the relief they seek necessarily disposes of their arguments that the district court erred in dismissing the State Board from the action under N.D.R.Civ.P. 21 and that the court erred in denying their motion to amend the pleadings and issue a writ of mandamus "requiring the State Board to act."

[¶ 17] A motion under N.D.R.Civ.P. 21, which governs misjoinder and nonjoinder of parties, is left to the discretion of the district court. *See Reiling v. Bhattacharyya*, 270 N.W.2d 562, 564 (N.D.1978). A court's decision on a motion to amend a pleading will not be overruled on appeal unless the court has abused its discretion. *See Kambeitz v. Acuity Ins. Co.*, 2009 ND 166, ¶ 11, 772 N.W.2d 632. Mandamus requires the showing of a clear legal right to performance of the particular acts sought to be compelled by the writ, and whether to grant the writ is within the court's sound discretion. *See Lamb v. State Bd. of Law Examiners*, 2010 ND 11, ¶ 4, 777 N.W.2d 343. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *See Matter of Estate of Cashmore*, 2010 ND 159, ¶ 21, 787 N.W.2d 261.

[¶ 18] Here the district court correctly ruled the State Board had no legal authority to grant the property owners the relief they sought. Consequently, we conclude the court did not abuse its discretion in dismissing the State Board from the action and in denying the property owners' motion to amend the pleadings to seek a writ of mandamus.

### IV

[¶ 19] The property owners argue that under the circumstances, the district court erred in dismissing their appeal from the County Board's decision "because it was not timely filed."

[¶ 20] An "aggrieved person" may appeal to district court "from any decision of the board of county commissioners." N.D.C.C. § 11–11–39. Appeals from decisions of a board of county commissioners are governed by N.D.C.C. § 28–34–01. *See* N.D.C.C. § 11–11–43. Under N.D.C.C. § 28–34–01(1), the "notice of appeal must be filed with the clerk of the court within thirty days after the decision of the local governing body." Timely filing of an appeal from a decision of a board of county commissioners is mandatory to invoke a district court's appellate subject matter jurisdiction over the appeal. *See Smith v. Burleigh County Bd. of Comm'rs*, 1998 ND 105, ¶ 6, 578 N.W.2d 533.

[¶ 21] The property owners do not dispute that they did not file a notice of appeal within 30 days of the County Board's July 7, 2009, decision. Rather, the property owners argue the County Board's decision was not "finalize[d]" until the State Board issued its decision. However, the property owners acknowledge that an appeal to the State Board under N.D.C.C. § 57–12–06(3) and an appeal to district court under N.D.C.C. § 11–11–39 were "both ... available as remedies." The circumstances here are analogous to those present in *City of Grand Forks v. Board of County Comm'rs*, 284 N.W.2d 420 (N.D. 1979). In *City of Grand Forks*, this Court addressed whether the Legislature's creation of a tax appeals board[1] superseded an aggrieved person's right to appeal an adverse tax decision of a board of county commissioners to district court under N.D.C.C. § 11–11–39. 284 N.W.2d at 421. This Court said:

> We find nothing irreconcilable about an apparent intent to continue to give taxpayers, or others aggrieved by a tax abatement determination, the alternative of appealing directly to the district court or proceeding first through the Tax Appeals Board.

> This does not mean that we now encourage that which we criticized in *Shark Bros., Inc. v. Cass County*, 256 N.W.2d 701, 705 (N.D.1977), where we said:

>> "We do not favor or encourage, nor can we sustain, bifurcated self-induced or self-initiated procedures, one in the administrative process and one in the judicial process covering the same legal questions."

> Accordingly, the City having elected to use the remedy provided by § 11–11–

39, other remedies which might have been utilized will not be available.

*Id.* at 422. Here, the property owners elected their remedy by appealing the County Board's decision to the State Board. A decision by the State Board was not necessary to "finalize" the County Board's decision. The County Board's decision was final when it was issued.

[¶ 22] The property owners also contend the time for filing a notice of appeal from the County Board's decision should have been extended under the doctrine of equitable tolling. The doctrine of "equitable tolling is an exception to a statute of limitations," *Kimball v. Landeis*, 2002 ND 162, ¶ 29, 652 N.W.2d 330, which has never been adopted by this Court. *See Superior, Inc. v. Behlen Mfg. Co.*, 2007 ND 141, ¶ 28, 738 N.W.2d 19. "The equitable tolling doctrine operates to protect the claim of a plaintiff who has several legal remedies and pursues one of the remedies reasonably and in good faith, thereby tolling the limitation for the other remedies." *Id.* The 30–day time limit for filing an appeal from a decision of a board of county commissioners is not a statute of limitations, but is a statute conferring appellate subject matter jurisdiction upon a reviewing court. *See Smith*, 1998 ND 105, ¶ 6, 578 N.W.2d 533. The terms of the statutes governing appeals control whether the time for taking an appeal may be tolled. *Id.* at ¶ 8. In *Smith*, this Court rejected the argument that a petition for reconsideration tolled the running of the time within which to appeal a decision of a board of county commissioners, explaining "neither N.D.C.C. § 11–11–39 nor N.D.C.C. § 28–34–01 recognizes any post-decision motions which would extend the time to appeal a decision by a board of

---

1. The Tax Appeals Board was later held to be unconstitutional in *Paluck v. Board of County* Comm'rs, 307 N.W.2d 852 (N.D.1981).

county commissioners." 1998 ND 105, ¶ 8, 578 N.W.2d 533. Likewise, neither N.D.C.C. § 11–11–39 nor N.D.C.C. § 28–34–01 recognizes a tolling exception to the 30–day time limit while related proceedings are pending before the State Board. *Compare Investors Title Ins. Co. v. Herzig,* 2011 ND 7, ¶¶ 10, 17, 793 N.W.2d 371 (pendency of related appeals in state Supreme Court did not toll statute providing for cancellation of judgments after certain periods of time have elapsed where there was no statutory authority for tolling under those circumstances). The 30–day period for appealing from the County Board's decision was not tolled under the circumstance present here.

[¶ 23] Because the property owners' appeal from the County Board's decision was untimely, we conclude the district court did not err in dismissing the appeal.

V

[¶ 24] The property owners contend the district court erred in denying their request to allow the filing of "amicus curiae b[r]iefs from other North Dakota property owners of similarly situated properties which are granted exemption from taxation." They cite no authority in support of the proposition and concede that "this is apparently a moot point." We, therefore, decline to address it. *See State v. Witzke,* 2009 ND 169, ¶ 4, 776 N.W.2d 232 (citing *Owens v. State,* 2001 ND 15, ¶ 31, 621 N.W.2d 566 (VandeWalle, C.J., concurring)) ("[W]e will not consider issues where there is a failure to cite supporting authority and briefing is inadequate."); *State v. Fischer,* 2008 ND 32, ¶ 27, 744 N.W.2d 760 (Ordinarily, we do not address moot issues.)

VI

[¶ 25] We have considered other arguments raised and conclude they either are unnecessary to the decision or are without merit. The judgment is affirmed.

[¶ 26] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.