2013 ND 217

### Maggie OAKLAND, daughter of John T. Gassmann, Plaintiff and Appellant

v.

### Bonnie G. BOWMAN, Evan B. Del Val, Dayna K. Del Val, and State Bank and Trust of Fargo North Dakota, Personal Representative of The John T. Gassmann Estate and Trustee of The John T. Gassmann Revocable Living Trust under agreement dated August 11, 2004, The Second amendment to and Complete restatement of the John T. Gassmann Revocable Trust Agreement dated December 16, 2011 and any other Amendment of these instruments, Defendants and Appellees.

No. 20130142.

Supreme Court of North Dakota.

Nov. 25, 2013.

Margaret A. Oakland (appeared), self-represented, and Michael Arthur Ernst

Loesevitz (argued), Grand Forks, ND, for plaintiff and appellant.

Robert Glynn Manly (argued) and Vanessa L. Anderson (appeared), Fargo, ND, for defendants and appellees Bonnie G. Bowman, Dayna K. Del Val, and Evan B. Del Val.

Berly D. Nelson (argued) and Timothy George Richard (on brief), Fargo, ND, for defendant and appellee State Bank and Trust of Fargo North Dakota.

CROTHERS, Justice.

[¶ 1] Margaret A. Oakland appeals a district court order granting summary judgment in favor of Bonnie G. Bowman, Evan B. Del Val and Dayna K. Del Val. Oakland argues her claim was not time-barred and equitable tolling should apply. We affirm, concluding that the district court did not err in determining that Oakland's claim was commenced after the statute of limitations expired and that equitable tolling did not apply.

## I

[¶ 2] Oakland is John T. Gassmann's biological child. Bowman was a friend of Gassmann, and the Del Vals are Bowman's children. Gassmann executed a revocable living trust prior to his death on February 9, 2012. Gassmann's revocable living trust devised Gassmann's farm property and other property over which he held a power of appointment to a trust for the benefit of Bowman and the Del Vals.

[¶ 3] Oakland received notice of the trust's existence from the trustee, Bell State Bank and Trust, on March 13, 2012. The letter provided notice to all beneficiaries under N.D.C.C. § 59–14–04(1) that "[a] person shall commence a judicial proceeding to contest the validity of a trust that was revocable immediately before the settlor's death within … one hundred twenty days after the trustee sent the person a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address, and of the time allowed for commencing a proceeding." The 120–day statute of limitation period expired on July 11, 2012. Oakland filed this action on October 18, 2012 and did not serve any parties until after October 18, 2012. Oakland failed to serve Bell State Bank and Trust, who appeared specially in the district court.

[¶ 4] Oakland filed an objection to the probate of Gassmann's will on April 10, 2012. Oakland later moved to amend her objection to the probate of Gassmann's will. She argued that her motion to amend should act to preserve her claim in the trust matter. The district court determined her motion to amend did not preserve her claim in the trust case.

[¶ 5] The district court did not apply equitable tolling because North Dakota has not adopted the doctrine and because the circumstances surrounding the failure to timely commence the proceedings did not rise to the level where equitable tolling would be an appropriate means to avoid the statute of limitations. The district court also was persuaded to not apply equitable tolling because of Oakland's awareness of the statute of limitations. The district court granted the defendants' motion for summary judgment.

## II

[¶ 6] This Court's standard for summary judgment is well-established. *Johnson v. Bronson*, 2013 ND 78, ¶ 9, 830 N.W.2d 595.

"Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the

only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Id.* (citation omitted).

[¶ 7] "Rule 56, [N.D.R.Civ.P.,] requires the entry of summary judgment against a party who fails to establish the existence of a material factual dispute as to an essential element of the claim and on which the party will bear the burden of proof at trial." *Barbie v. Minko Const. Inc.*, 2009 ND 99, ¶ 6, 766 N.W.2d 458. "In order to meet the burden of establishing a genuine issue of material fact on an essential element of a claim, a party opposing a motion for summary judgment must present 'enough evidence for a reasonable jury to find for the plaintiff.'" *Id.* (citation omitted).

### III

[¶ 8] Oakland argues equitable tolling should be applied to prevent her claim from being time-barred.

[¶ 9] Bell State Bank, as trustee, notified Oakland of the trust's existence on March 13, 2012. Section 59–14–04(1), N.D.C.C., requires that "[a] person shall commence a judicial proceeding to contest the validity of a trust that was revocable immediately before the settlor's death within ... one hundred twenty days after the trustee sent the person a copy of the trust instrument and a notice informing the person of the trust's existence, of the trustee's name and address, and of the time allowed for commencing a proceeding." The 120–day statute of limitations period required Oakland to commence her action by July 11, 2012. She did not commence this action until October 18, 2012, if at all. N.D.R.Civ.P. 3 ("A civil action is commenced by the service of a summons.").

[¶ 10] "The equitable tolling doctrine operates to protect the claim of a plaintiff who has several legal remedies and pursues one of the remedies reasonably and in good faith, thereby tolling the limitation for the other remedies." *Grand Forks Homes, Inc. v. State ex rel. State Bd. of Equalization*, 2011 ND 65, ¶ 22, 795 N.W.2d 335 (citation omitted). "The doctrine of 'equitable tolling is an exception to a statute of limitations,' which has never been adopted by this Court." *Id.* (internal citation omitted).

[¶ 11] Section 1–01–06, N.D.C.C., provides that "there is no common law in any case in which the law is declared by the code." "When engaging in statutory interpretation, this Court has consistently recognized that it must be presumed the legislature intended all that it said, said all that it intended to say, and meant what it has plainly expressed." *Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 12, 829 N.W.2d 453. The statute of limitations clearly establishes that Oakland missed her opportunity to timely commence this action. Further, Oakland's objection to the probate of Gassmann's will and the subsequent motion to add her objection to the trust involve a completely different matter. In fact, the probate is a

separate proceeding; thus the objection did not preserve her trust claim. We decline to apply equitable tolling when the legislature plainly stated its intent that there be a statute of limitations in N.D.C.C. § 59–14–04(1).

### IV

[¶ 12] We conclude the district court did not err in determining that Oakland's claim was commenced after the statute of limitations expired and that equitable tolling did not apply. We affirm the district court judgment.

[¶ 13] GERALD W. VANDE WALLE, C.J., DAVID W. NELSON, D.J. and DALE V. SANDSTROM, JJ., concur.

MARY MUEHLEN MARING, J., concurs in the result.

[¶ 14] The Honorable DAVID W. NELSON, D.J., sitting in place of KAPSNER, J., disqualified.