# United States Court of Appeals
## For the Eighth Circuit
_____

No. 18-1027
_____

Radomysl Twardowski

*Plaintiff - Appellant*

v.

Bismarck Police Department; Lt. Glen Ternes; Sgt. Lyle Sinclair; Det. Brandon
Rask

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of North Dakota - Fargo
_____

Submitted: February 19, 2019
Filed: February 27, 2019
[Unpublished]
_____

Before GRUENDER, BOWMAN, and STRAS, Circuit Judges.
_____

PER CURIAM.

In May 2017, Radomysl Twardowski filed an action under 42 U.S.C. § 1983
seeking damages for injuries he allegedly suffered in January 2007. The district

court[1] granted summary judgment to the Bismarck Police Department and several of its officers because Twardowski filed his lawsuit after the statute of limitations had expired.

We agree with the district court that Twardowski filed his lawsuit too late. *See Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (reviewing a grant of summary judgment on a section 1983 claim "based upon the statute of limitations de novo" (citation omitted)).  There is no dispute that he filed it more than ten years after the allegedly wrongful act occurred—long after the six-year statute of limitations for his excessive-force claim had expired.  *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989) (explaining that section 1983 actions "borrow" the "general or residual" statute of limitations "for personal injury actions"); N.D. Cent. Code § 28-01-16(5) (providing a six-year statute of limitations for personal-injury actions).

The claim accrued when the wrongful act allegedly occurred in January 2007, not sometime later.  *See Johnson v. Precythe*, 901 F.3d 973, 980 (8th Cir. 2018) (stating that, as a matter of federal law, a section 1983 action accrues "when [the plaintiff] discovers, or with due diligence should have discovered, the injury that is the basis of litigation" (citation omitted)).  And equitable tolling does not apply because North Dakota law does not recognize it.  *See Oakland v. Bowman*, 840 N.W.2d 88, 91–92 (N.D. 2013); *see also Montin v. Estate of Johnson*, 636 F.3d 409, 413 (8th Cir. 2011) ("For a § 1983 action, . . . the issue of equitable tolling, like the underlying statute of limitations, is determined by reference to state law.").  Accordingly, we affirm the judgment of the district court.  *See* 8th Cir. R. 47B.

_____

_____

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.